For the foregoing reasons, this appeal is dismissed.

**UNITED STATES of America,
Plaintiff–Appellee,**

**v.**

**Joe Allen BOUNDS, Defendant–
Appellant.**

**No. 89–4665
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Sept. 20, 1991.

Joe Allen Bounds, pro se.

William J. Flanagan, Asst. U.S. Atty., Joseph S. Cage, Jr., U.S. Atty., Shreveport, La., for U.S.

Before KING, GARWOOD, and DUHÉ, Circuit Judges.

DUHÉ, Circuit Judge.

A defendant who pleaded guilty in the trial court to two felony counts asks us to vacate his sentence and allow him to plead anew because the judge failed to inform him that he could be subject to a term of supervised release. We agree that the court erred. We reverse the conviction, vacate the sentence and remand to allow defendant to plead anew.

A federal grand jury returned an indictment charging Joe Allen Bounds with various drug and firearm offenses. Bounds originally pleaded not guilty to the indictment. On the day of trial, however, Bounds announced his decision to plead guilty to count one—conspiracy to manufacture phenylacetone and amphetamine—and to count five—possession of a firearm by a convicted felon—in exchange for the government's agreement to dismiss the remaining charges against him.

During the plea colloquy required by Rule 11(c)(1), Bounds's attorney waived the formal reading of the indictment, explaining that Bounds had read it many times. *See* Fed.R.Crim.P. 11(c). The court informed Bounds that count one carried a twenty-year maximum penalty and that count five carried a five-year maximum penalty. The court also advised Bounds of the possible monetary fines and fees that might be assessed against him.

Bounds assured the court that he was entering into the plea agreement freely, knowingly, and voluntarily. The court determined that Bounds understood the rights he was waiving by pleading guilty and the consequences of his plea. The court also explained that a probation officer would prepare a presentence report and would use the sentencing guidelines to calculate a score from which to derive a minimum and maximum sentencing range. Bounds learned that unless the judge wrote special reasons for departing from that range, the sentence would fall within it. The court then accepted Bounds's plea of guilty.

At no time during the plea colloquy did the court advise Bounds that his sentence might include a period of supervised re-

lease. Neither did the court explain to Bounds the effect of supervised release. The plea agreement itself does not mention the possibility of supervised release.

Bounds's attorney received the presentence report in early February of 1989. On one page of the fourteen-page report, the possibility of supervised release is mentioned under a section titled "Sentencing Options." The report provides: "If a term of imprisonment is imposed, a term of supervised release of at least 3 years must also be imposed. 21 U.S.C. § 841(b)(1)(C)."

In March 1989, Bounds—through his attorney—filed a motion to withdraw his guilty plea, explaining that: (1) he had not fully understood the charges; (2) he had not fully understood his constitutional right to a jury trial; (3) he had not fully understood the consequences of his plea; (4) he had not voluntarily and knowingly entered his plea; and (5) he was innocent of the charges pending against him. The motion included no facts to support Bounds's request to withdraw the guilty plea.

The district court denied the request, explaining that the plea was knowingly and voluntarily entered and that Bounds had been assisted by able counsel. In August 1989, the district court sentenced Bounds to a total prison term of 300 months (twenty-five years) and to an additional three-year term of supervised release.

Proceeding *pro se*, Bounds appealed, complaining that: (1) the district court had abused its discretion in denying his request to withdraw the guilty plea; (2) he had been denied his constitutional right to effective assistance of counsel; (3) the quantity of drugs used to calculate the applicable sentencing guideline range was clearly erroneous; and (4) the court's failure to inform him of the possibility of supervised release constituted a complete failure to address a core concern of Rule 11, requiring this Court to vacate his sentence and remand the case to permit him to plead anew. Bounds also asserted several other alleged errors concerning acceptance of responsibility, enhancement for possession of a firearm, imposition of consecutive sentences, and admission of tainted evidence.

## Denial of Request to Withdraw Plea

Under Federal Rule of Criminal Procedure 32, a district court may, in its discretion, allow a defendant to withdraw a plea of guilty.[1] Rule 32, however, does not provide an absolute right to withdraw a plea. *See United States v. Daniel*, 866 F.2d 749, 751 (5th Cir.1989). We review only for an abuse of discretion the district court's denial of a motion to withdraw a guilty plea. *See United States v. Rojas*, 898 F.2d 40, 43 (5th Cir.1990); *United States v. Hurtado*, 846 F.2d 995, 997 (5th Cir.), *cert. denied, Aguas v. United States*, 488 U.S. 863, 109 S.Ct. 163, 102 L.Ed.2d 133 (1988).

█ We find no abuse of discretion in the district court's decision to deny Bounds's request. In its clear, thorough order, the court articulated the appropriate standard for considering the request and carefully applied this standard to the facts. *See Daniel*, 866 F.2d at 751 (citing *Hurtado*, 846 F.2d at 997). We agree with the district court that Bounds failed to allege facts showing that his withdrawal of the plea was justified. Instead, he merely asserted conclusory allegations that are clearly refuted by the record.

## Ineffective Assistance of Counsel

█ Bounds also complains that during trial and on appeal, he has been denied of his right to effective assistance of counsel guaranteed by the sixth and fourteenth amendments. In a lengthy, detailed analysis of the behavior of his attorney, Bounds essentially claims that his attorney failed: (1) to conduct a pretrial investigation, (2) to subpoena certain witnesses, (3) to properly advise him on the application of the sentencing guidelines, (4) to remove himself as

---

1. The Federal Rules of Criminal Procedure provide, in relevant part:
   If a motion for withdrawal of a plea of guilty ... is made before sentence is imposed, the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason.
   Fed.R.Crim.P. 32(d).

counsel after a conflict of interest arose, and (5) to file a timely notice of appeal.

In this Circuit the general rule is that a claim of ineffective assistance of counsel cannot be resolved on direct appeal unless it has been first raised before the district court. *See United States v. Higdon*, 832 F.2d 312, 313–14 (5th Cir.1987), *cert. denied*, 484 U.S. 1075, 108 S.Ct. 1051, 98 L.Ed.2d 1013 (1988); *United States v. McClure*, 786 F.2d 1286, 1291 (5th Cir. 1986); *United States v. Freeze*, 707 F.2d 132, 138–39 (5th Cir.1983). This rule is not merely a procedural technicality. Unless the district court has developed a record on the defendant's allegations, we cannot fairly evaluate the merits of the claim.

On direct appeal we have occasionally resolved claims of inadequate representation, but only when the record has provided substantial details about the attorney's conduct. *See, e.g., United States v. Phillips*, 664 F.2d 971, 1040 (5th Cir.1981), *cert. denied, Meinster v. United States*, 457 U.S. 1136, 102 S.Ct. 2965, 73 L.Ed.2d 1354 (1982); *United States v. Brown*, 591 F.2d 307, 310 (5th Cir.), *cert. denied*, 442 U.S. 913, 99 S.Ct. 2831, 61 L.Ed.2d 280 (1979). In this case, the only details to which we have access are Bounds's assertions in his brief. Accordingly, we decline to address the merits of Bounds's ineffective assistance claim. We dismiss this portion of the appeal, however, without prejudice to Bounds's right to raise the issue in a habeas corpus proceeding. *See* 28 U.S.C. § 2255 (1988); *United States v. Ugalde*, 861 F.2d 802, 804 (5th Cir.1988), *cert. denied*, 490 U.S. 1097, 109 S.Ct. 2447, 104 L.Ed.2d 1002 (1989).

■ If Bounds chooses to proceed with a collateral challenge, "he must show that: (1) the attorney's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that except for the attorney's unprofessional errors, the results of the proceeding would have been different." *United States v. Kinsey*, 917 F.2d 181, 183 (5th Cir.1990) (citing *Strickland v. Washington*, 466 U.S. 668, 687–88, 694, 104 S.Ct. 2052, 2064–65, 2068, 80 L.Ed.2d 674 (1984)).

To demonstrate sufficient prejudice in the context of a guilty plea, Bounds must show that there is a reasonable probability that, except for his attorney's errors, he would not have pleaded guilty but would have insisted on going to trial. *Id.* (citing *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985)); *see Craker v. McCotter*, 805 F.2d 538, 541 (5th Cir.1986); *United States v. Gavilan*, 761 F.2d 226, 228 (5th Cir.1985).

■ In addition, Bounds should be aware that his attorney's delay in filing a notice of appeal provides no support for his claim of ineffective assistance. After concluding that the delay in filing this notice was caused by excusable neglect, the district court permitted the appeal to proceed. *See* Fed.R.App.P. 4(b). Since the attorney's delay resulted in no prejudice to Bounds's rights, this alleged failure is irrelevant to the claim of ineffective assistance of counsel.

*Calculation of Drug Quantities*

Bounds next argues that the district court used an incorrect quantity of amphetamine to calculate the applicable sentencing guideline range. We must not disturb the court's factual findings, including the quantity of drugs used to calculate the sentencing range, unless they are clearly erroneous. *United States v. Michael*, 894 F.2d 1457, 1459 (5th Cir.1990).

■ Bounds objected broadly to the conclusion in the original presentence report that the applicable quantity of drugs was 47.935 kilograms. The government later amended the report to reflect that the appropriate quantity of drugs was 32.5 kilograms. Without explaining the factual basis for the objection, Bounds also objected to this calculation.

At the sentencing hearing, Bounds again objected to the quantity of drugs used to calculate his sentencing range. The court heard the testimony of two coconspirators and a forensic chemist for the DEA. This testimony clearly supports the court's finding that the applicable quantity of drugs was 32.5 kilograms. Furthermore, the only

attempts to contradict this evidence were suggestions that the coconspirators were not credible and Bounds's own implausible testimony that he had not been involved in the manufacture of amphetamine.

■ For the first time on appeal, Bounds provides an impressive scientific explanation of precursor chemicals, theoretical yields, and the dramatic differences between phenylacetone and phenylacetic acid. He claims that the calculations of the government's expert witness were erroneous, that the government's expert witness was not qualified in forensic chemistry, and that the government failed to prove that the chemicals found could have been used to produce amphetamine.

We will not consider on appeal, however, evidence not produced at the sentencing hearing and arguments not raised in the trial court. *See United States v. Desurra,* 865 F.2d 651, 653–54 (5th Cir.1989); *United States v. Hicks,* 624 F.2d 32, 33 (5th Cir. 1980). As the district court noted, Bounds was represented by able counsel in the trial court. His only alternative at this stage is to show, if he can, that his attorney's failure to produce evidence, to challenge witnesses, and to assert a failure of proof constituted ineffective assistance of counsel. As discussed in the previous section, such a claim cannot be resolved on direct appeal.

*Court's Failure to Discuss Supervised Release*

■ In an argument entitled to more serious consideration, Bounds contends that he did not understand the consequences of his guilty plea because the court failed to advise him of the possibility

that he could be sentenced to a period of supervised release. He contends that the court's failure constitutes a complete failure to address a core concern of Federal Rule of Criminal Procedure 11. The Fifth Circuit has recently considered this argument *en banc. See United States v. Bachynsky,* 934 F.2d 1349 (5th Cir.1991) (en banc).

Before our *en banc* decision in *Bachynsky,* we had held that a court's failure during the plea colloquy to advise the defendant of the effect of supervised release constitutes a total failure to address a core concern of Rule 11. *See, e.g., United States v. Bachynsky,* 924 F.2d 561, 566, *rev'd,* 934 F.2d 1349, 1361 (5th Cir.1991) (en banc); *United States v. Andrews,* 918 F.2d 1156, 1159 (5th Cir.1990), *overruled, Bachynsky,* 934 F.2d at 1362; *United States v. Blair,* 902 F.2d 323, 324 (5th Cir.1990), *overruled, Bachynsky,* 934 F.2d at 1362. We had established that this single omission mandates reversing the defendant's conviction and vacating the guilty plea.

In *Bachynsky,* however, we recognized that the court's failure to mention supervised release is, at worst, a partial failure to address a core concern. *Bachynsky,* 934 F.2d at 1351–52, 1355. The core concern itself is that the defendant understand the consequences of the plea.[2] In *Bachynsky,* we decided that if a court inadequately addresses a core concern, automatic reversal is not required. Instead, the result may be examined for harmless error under Rule 11(h) if the aggregate maximum period of incarceration under the actual prison sentence and supervised release does not exceed the statutory maximum explained to the defendant.[3]

---

**2.** Federal Rule of Criminal Procedure 11 provides, in relevant part:

> Before accepting a plea of guilty ..., the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands the following:
> (1) the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law, including the effect of any special parole or supervised release term....

Fed.R.Crim.P. 11(c)(1); *see Bachynsky,* 934 F.2d at 1355.

**3.** In *Bachynsky,* the court had failed to advise Bachynsky of the possibility of a period of supervised release. But the court had explained that he could receive a maximum sentence of twenty-five years. As a result of his plea, Bachynsky was sentenced to ten years and one month in prison plus three years of supervised release.

We considered the error under the harmless-error rule because the maximum possible period of incarceration based on the actual sentence

For Bounds, this condition is not met. Bounds's aggregate maximum period of incarceration is twenty-five years plus an additional three-year period of supervised release plus possible additional incarceration if his supervised release is revoked before it is served. This aggregate maximum is obviously greater than the twenty-five-year statutory maximum explained by the district court.

■ We noted in *Bachynsky* that the Court expressed no opinion about the result a panel should reach if the condition is not met. *Id.* at 1360 n. 11. Specifically, we did not decide whether "reversing the conviction and vacating the plea will always be necessary or whether there may be circumstances in which a reduction of the sentence (for example, by removing or reducing the term of supervised release) may eliminate the prejudice." *Id.* The circumstances of this case now require us to make that decision.[4]

Bounds was warned in the plea colloquy that he might receive a prison sentence of twenty-five years. If we remove the three-year period of supervised release, Bounds is left with a sentence of exactly twenty-five years. This modification would eliminate any possible prejudice because it would remove that part of the penalty about which the court failed to advise Bounds under Rule 11(c)(1). We are not, however, at liberty to do that since one of the statutes under which Bounds pleaded mandates the imposition of a period of supervised release. 18 U.S.C. § 3583(a). We must, therefore, reverse his conviction, vacate his sentence, and remand so that he may plead anew.

*Other Alleged Errors*

Bounds raises several other alleged errors concerning acceptance of responsibility, enhancement for possession of a firearm, imposition of consecutive sentences, and admission of tainted evidence. Since Bounds failed to raise these contentions in the trial court, however, we need not consider them on appeal unless they constitute plain error. *See United States v. Scott,* 688 F.2d 368, 370 (5th Cir.1982).

After reviewing the record, we are convinced that these contentions have no merit. The district court carefully considered the evidence before it and correctly applied the sentencing guidelines. There is simply no basis for disturbing the court's rulings.

*Conclusion*

We conclude that the district court did not abuse its discretion in refusing to allow Bounds to withdraw his guilty plea. We need not consider the evidence on calculation of drug quantities since it was presented for the first time in Bounds's appellate brief. For the same reason, we need not consider the alleged errors concerning acceptance of responsibility, enhancement for possession of a firearm, imposition of consecutive sentences, and admission of tainted evidence.

The court erred in failing to advise Bounds in open court of the possibility of supervised release. We cannot examine this failure for harmless error because the total length of the imposed penalty based on the periods of incarceration and supervised release is greater than the statutory maximum of which Bounds was advised. We dismiss the claim for ineffective assistance without prejudice to Bounds's right to raise the issue in a habeas corpus proceeding.

The conviction is REVERSED, the sentence of the defendant is VACATED and the matter is REMANDED.

---

and the period of supervised release was less than the statutory maximum mentioned by the court.

**4.** We reject the government's argument that the court's omission constitutes harmless error because the presentence report mentioned the possibility of supervised release. Rule 11(c)(1) requires the judge to "address the defendant personally in open court" to explain the possible penalties, including the effects of supervised release. Fed.R.Crim.P. 11(c)(1). Even if *Bachynsky* had not precluded our consideration of this case under the harmless-error rule, a written presentence report is not an adequate substitute for the advice clearly required by Rule 11.