IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-30990
Summary Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ROBERT PINSINCE, also known
as Lenes Jackson,

                                        Defendant-Appellant.


- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. CR-94-50077-01
- - - - - - - - - -
July 2, 1996
Before DAVIS, BARKSDALE and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Robert Pinsince appeals his guilty plea conviction and sentence for possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1). (His motion to file an out-of-time reply brief is **GRANTED**.)

Pinsince contends that the district court erred in denying his motion to suppress statements and physical evidence seized at the

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

time of his arrest. But, as the Government notes, a valid and unconditional guilty plea waives all nonjurisdictional defects in the proceedings leading to the conviction, including a Fourth Amendment claim. *See **United States v. Smallwood***, 920 F.2d 1231, 1240 (5th Cir.), *cert. denied*, 501 U.S. 1238 (1991).

In light of this, Pinsince asserts, for the first time in his reply brief, that his guilty plea was unknowing because counsel inadvertently overlooked the fact that the plea agreement did not contain a reservation of Pinsince's right to review the denial of his motion to suppress. Pursuant to our usual practice, we will not consider on this direct appeal an ineffective-assistance-of-counsel claim. *See **United States v. Bounds***, 943 F.2d 541, 544 (5th Cir. 1991), *cert. denied*, 114 S. Ct. 135 (1993).

Finally, Pinsince claims that the district court erred in awarding a two-level enhancement to his base offense level, pursuant to U.S.S.G. § 2D1.1(b)(1), based on its finding that he possessed a dangerous weapon during the commission of the offense of conviction. The court did not clearly err in awarding this enhancement. *See **United States v. Aguilera-Zapata***, 901 F.2d 1209, 1215 (5th Cir. 1990).

**AFFIRMED**