IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40835
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BOBBY DUANE BATES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-97-CR-280-2
--------------------

October 20, 1999

Before JONES, WIENER, and STEWART, Circuit Judges.

PER CURIAM:[*]

Bobby Duane Bates, prisoner No. 29699-080, appearing *pro se*,
entered a plea of guilty to one count of conspiracy to possess
with intent to distribute marijuana and one count of possession
with intent to distribute marijuana.  Bates now appeals the
judgment of the district court.

Bates complains in Issues I and II of ineffective assistance
of counsel, setting forth a number of alleged errors.  However, a
claim of ineffective assistance ordinarily may not be made for

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

the first time on appeal as the district court must develop an adequate record so that this court may evaluate the merits of the claim. See United States v. Bounds, 943 F.2d 541, 544 (5th Cir. 1991). The record in this case is not sufficient for review; therefore, we will dismiss his ineffective assistance claims without prejudice to his ability to bring them again in a motion pursuant to 28 U.S.C. § 2255. See id.

Bates next argues in Issues III and IV that the district court erred in denying his motion to suppress. This argument is foreclosed by Bates's unconditional plea of guilty. See United States v. Smallwood, 920 F.2d 1231, 1240 (5th Cir. 1991) (unconditional guilty plea constitutes waiver of all nonjurisdictional defects in the proceedings against a defendant).

In his last point of error, Issue V, Bates contends that his guilty plea was not made knowingly and voluntarily. Bates's entire argument, however, consists of a single sentence without citation to any authority or to the record. Accordingly, Bates's appeal on this point is deemed abandoned. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993) (failure to brief issue adequately, even in *pro se* appeal, results in abandonment of claim). In any event, the transcript of Bates's guilty-plea hearing demonstrates that Bates's plea was both knowing and voluntary, and his strategic decision to plead guilty rather than face a potentially greater sentence does not render his plea invalid. See Starling v. Estelle, 651 F.2d 1082, 1083 (5th Cir. 1981).

For the foregoing reasons, we DISMISS the claims of ineffective assistance of counsel without prejudice to Bates's right to raise those claims in a proceeding pursuant to 28 U.S.C. § 2255.  As to all other issues, we AFFIRM the judgment of the district court.

APPEAL DISMISSED IN PART WITHOUT PREJUDICE; JUDGMENT AFFIRMED.