# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

––––––––––––––

m 98-41145
Summary Calendar

––––––––––––––

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

PEDRO NARANJO,

Defendant-Appellant.

––––––––––––––––––––––

Appeal from the United States District Court
for the Southern District of Texas

––––––––––––––––––––––

January 18, 2000

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[*]

Pedro Naranjo appeals his conviction of conspiracy to possess with intent to distribute a quantity exceeding 1,000 kilograms of marihuana and possession with intent to distribute a quantity exceeding 1,000 kilograms of marihuana in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1), 841(b)(1)(a), and 846. He argues that the evidence is insufficient to support his conviction, that the court erred in giving a modified *Allen* charge, and that he received ineffective assistance of counsel.

Viewed in the light most favorable to the verdict, the evidence is sufficient to support a rational juror's finding of guilt beyond a reasonable doubt on all elements of the charged offenses. *See United States v. Resio-Trejo*, 45 F.3d 907, 910-13 (5th Cir. 1995); *United States v. Casilla*, 20 F.3d 600, 602-07 (5th Cir. 1994); *United States v. Garza*, 990 F.2d 171, 173-76 (5th Cir. 1993). The modified *Allen* charge did not place undue pressure on the jury, and the court did not abuse its discretion in giving it. *See United States v. Winters*, 105 F.3d 200, 203-04 (5th Cir. 1997); *United States v. Nguyen*, 28 F.3d 477, 484 (5th Cir. 1994). Because the record as to Naranjo's claim of ineffective assistance of counsel is inadequately developed, we decline to consider it, but without prejudice to his right to assert it in a collateral proceeding. *See United States v. Scott*, 159 F.3d 916, 924-25 (5th Cir. 1998); *United States v. Bounds*, 943 F.2d 541, 544 (5th Cir. 1991).

AFFIRMED.

––––––––––––––

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.