**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

---

No. 99-50994
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROSA NEVAREZ-MARTINEZ,

Defendant-

Appellant.

---

-------------------------------------------------------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-99-CR-371-DB
-------------------------------------------------------------------
October 19, 2000

Before EMILIO M. GARZA, STEWART, and PARKER: Circuit Judges:

PER CURIAM:[*]

Rosa Nevarez-Martinez appeals the district court's denial of her motion to withdraw her plea of guilty to one count of conspiracy to possess cocaine with intent to distribute. We review the district court's decision for abuse of discretion looking to the seven factors set forth in United States v. Carr, 740 F.2d 339, 343-44 (5th Cir. 1984).

We are persuaded that the district court did not abuse its discretion. Nevarez's statement that she "felt innocent" is not sufficient to demonstrate that Nevarez asserted innocence, see United States v. Grant, 117 F.3d 788, 789 (5th Cir. 1997), and we note that she did not assert actual innocence in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

her motion to withdraw or the supporting affidavit, nor does she do so on appeal.

In addition, the statement does not demonstrate that Nevarez's plea was not made voluntarily. Nevarez indicated that she did not understand the specific question regarding whether she wished to plead guilty, but when asked again, she replied affirmatively. The remainder of the plea colloquy demonstrates that Nevarez's plea was knowing and voluntary. Nevarez stated under oath that she understood the charges against her; that she understood her rights and the consequences of pleading guilty; that she was not coerced, threatened, or intimidated; and that she was involved in packaging the cocaine. See United States v. Henry, 113 F.3d 37, 40 (5th Cir. 1997).

Nevarez's subsequent allegation that her attorney coerced her may not refute her sworn testimony to the contrary. See United States v. Cervantes, 132 F.3d 1106, 1110 (5th Cir. 1998). Nevarez's claim that the video surveillance tapes influenced her decision to plead guilty is conclusional, and Nevarez points to no facts or evidence supporting this claim.

As for Nevarez's claims that her counsel coerced her into pleading guilty and was ineffective for failing to review the videotapes, the record is not sufficient to make a determination, and we decline to review this matter. See United States v. Bounds, 943 F.2d 541, 544 (5th Cir. 1991).

In sum, Nevarez failed to carry her burden of demonstrating a "fair and just" reason for granting her motion to withdraw her plea. See United States v. Badger, 925 F.2d 101, 104 (5th Cir. 1991). Accordingly, we AFFIRM the judgment of the district court.

AFFIRMED.