IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40285
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM EDWARD STEWART,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:99-CR-26-1
--------------------
May 17, 2001

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:*

William Edward Stewart appeals his guilty-plea conviction
for money laundering.  Stewart contends that he received
ineffective legal assistance from L. Mickele Daniels, the
attorney who represented him through the entry of his guilty
plea, and that the district court erred in denying his motion to
withdraw his guilty plea.

This court generally declines to review claims of
ineffective assistance of counsel on direct appeal, unless the
claims were adequately raised in the district court.  United

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

States v. Gibson, 55 F.3d 173, 179 (5th Cir. 1995). This court has "undertaken to resolve claims of inadequate representation on direct appeal only in rare cases where the record allowed [this court] to evaluate fairly the merits of the claim." United States v. Higdon, 832 F.2d 312, 314 (5th Cir. 1987). Ineffective assistance claims have been resolved on direct appeal "only when the record has provided substantial details about the attorney's conduct." United States v. Bounds, 943 F.2d 541, 544 (5th Cir. 1991).

While Stewart's motion to withdraw his guilty plea did raise a claim that Daniels provided ineffective assistance, that claim was not based upon Daniels' alleged conflict of interest, which is the basis of Stewart's ineffective assistance claim on appeal. The record on appeal does not substantially detail, or even identify, Daniels' alleged conflict of interest. Because we cannot fairly evaluate the merits of Stewart's ineffective assistance claim, we decline to address the claim, without prejudice to Stewart's right to raise it in a proper proceeding pursuant to 28 U.S.C. § 2255. See Higdon, 832 F.2d at 314.

The district court may grant a motion to withdraw a guilty plea before a defendant is sentenced if the defendant shows "any fair and just reason." Fed. R. Crim. P. 32(e). A motion to withdraw a guilty plea is committed to the discretion of the district court and its decision will not be disturbed absent an abuse of discretion. United States v. Still, 102 F.3d 118, 123 (5th Cir. 1996). The burden of establishing a fair and just reason for withdrawing a guilty plea rests at all times on the

defendant.  <u>Id.</u> at 124.  Factors to consider in applying the standard of a fair and just reason are:  (1) whether the defendant asserted his innocence; (2) whether withdrawal would prejudice the Government; (3) whether the defendant delayed in filing the motion; (4) whether withdrawal would substantially inconvenience the court; (5) whether close assistance of counsel was available; (6) whether the plea was knowing and voluntary; and (7) whether withdrawal would waste judicial resources.  <u>See</u> <u>United States v. Brewster</u>, 137 F.3d 853, 857 (5th Cir. 1998); <u>United States v. Carr</u>, 740 F.2d 339, 343-44 (5th Cir. 1984).

An evaluation of the above factors indicates that Stewart has failed to demonstrate a fair and just reason for withdrawing his guilty plea.  <u>See</u> <u>Brewster</u>, 137 F.3d at 858; <u>Still</u>, 102 F.3d at 124.  Therefore, the district court did not abuse its discretion in denying Stewart's motion to withdraw his plea.  <u>See</u> <u>Still</u>, 102 F.3d at 123.

The district court's judgment is AFFIRMED.