IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-50681
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GERALD INMAN; MARY DELORES INMAN,
also known as Delores Inman,

Defendants-Appellants.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-99-CR-83-2
--------------------
May 2, 2002

Before JONES, SMITH and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Gerald and Delores Inman (G. Inman and D. Inman) appeal their convictions and sentences for conspiracy, interstate transportation of stolen motor vehicles, and failure to appear (G. Inman), and harboring a fugitive (D. Inman). G. Inman argues that 1) the district court erred in denying his motion to suppress, 2) there was insufficient evidence to sustain his conspiracy

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conviction, and 3) the district court erred by not making particularized findings following G. Inman's objections to the presentence report ("PSR") on enhancements for specific offense characteristics and for his role in the offense. D. Inman argues that 1) venue for her harboring offense was improper in the Western District of Texas, 2) there was insufficient evidence to support her harboring conviction, 3) the district court erred in determining her base offense level and in denying an adjustment for acceptance of responsibility, 4) her attorney provided ineffective assistance of counsel, and 5) the district court erred in denying her motion for release pending appeal.

We have reviewed the record and the briefs submitted by the parties and hold that the evidence adduced at trial was sufficient to support G. Inman's conspiracy conviction and D. Inman's conviction for harboring a fugitive. See United States v. Izydore, 167 F.3d 213, 219 (5th Cir. 1999); United States v. Ortega Reyna, 148 F.3d 540, 543 (5th Cir. 1998). Furthermore, the district court did not err in denying G. Inman's motion to suppress, and did not plainly err in declining to make particularized finding when overruling G. Inman's objections to the PSR's specific-offense-characteristic and role-in-the-offense enhancements. See United States v. Gonzales, 79 F.3d 413, 419 (5th Cir. 1996); United States v. Prout, 526 F.2d 380, 387 (5th Cir. 1976); United States v. Calverley, 37 F.3d 160, 162 (5th Cir. 1994) (en banc).

Because D. Inman failed to lodge a pretrial objection to venue and did not request a venue instruction, she waived her challenge to the district court's jurisdiction. See United States v. Carreon-Palacio, 267 F.3d 381, 391-92 & n. 25 (5th Cir. 2001). Her challenge to the district court's assessment of her base offense level, raised on appeal for the first time, does not survive plain error review. See United States v. Fierro, 38 F.3d 761, 774 (5th Cir. 1994). Similarly, the district court did not err in denying an acceptance of responsibility reduction. See U.S.S.G. § 3E1.1, comment. (n.2).

D. Inman's ineffective assistance of counsel arguments were not presented to the district court and are premature in any event, and D. Inman fails to identify portions of the record that provide substantial details about her attorney's conduct. Accordingly, we decline to address those issues on direct appeal. United States v. Bounds, 943 F.2d 541, 544 (5th Cir. 1991). Her argument that the district court erred in denying her motion for release has previously been presented to, and rejected by, this court.

**AFFIRMED.**