United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 3, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-21069
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

CARLOS ENRIQUE GONZALEZ,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-663-1
--------------------

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Carlos Enrique Gonzalez, proceeding pro se, appeals his

jury-trial conviction for kidnaping, hostage taking, and making

threatening communications in interstate and foreign commerce.

Gonzalez argues that the evidence was insufficient to show that

he was guilty of kidnaping and hostage taking.  Because Gonzalez

moved for a judgment of acquittal both at the close of the

Government's case and at the close of all the evidence, the

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

standard of review for this issue is "whether any reasonable trier of fact could have found that the evidence established the essential elements of the crime beyond a reasonable doubt." United States v. Ortega Reyna, 148 F.3d 540, 543 (5th Cir. 1998).

The evidence was sufficient to support Gonzalez's convictions. The evidence established that Gonzalez deceived and coaxed the victim into accompanying him to Mexico where he held the victim against his will and threatened to kill the victim if the victim's mother did not do as he requested. See United States v. Barton, 257 F.3d 433, 439 (5th Cir. 2001); United States v. Carrion-Caliz, 944 F.2d 220, 222 (5th Cir. 1991).

Gonzalez next contends that the district court erred in overruling his objection to the four-level enhancement he received for his leadership role in the offense, pursuant to U.S.S.G. § 3B1.1(a). The district court's determination that Gonzalez played a leadership role because he controlled and utilized family members and various friends to assist him in facilitating the offense is not clearly erroneous and was sufficient to justify the enhancement under U.S.S.G. § 3B1.1(a). See United States v. Ronning, 47 F.3d 710, 711 (5th Cir. 1995).

Gonzalez avers that the district court erred in departing three levels from a total offense level of 32 to a total offense level of 35. The district court specifically stated that it was departing three levels because Gonzalez had made 14 threatening telephone calls to the victim's mother and her family over a

six-week period of time.  Gonzalez has not shown that the district court abused its discretion in departing upward.  See United States v. Ashburn, 38 F.3d 803, 807 (5th Cir. 1994) (en banc); see also U.S.S.G. § 5K2.0, p.s.

Gonzalez avers next that the district court abused its discretion in departing upward based on its finding that his criminal history category underrepresented the seriousness of his past criminal conduct and that the district court did not consider the intermediate criminal history category of II in departing from a criminal history category of I to a category of III.  The district court did not abuse its discretion.  See United States v. Cade, 279 F.3d 265, 270 (5th Cir. 2002).  The district court did consider the intermediate criminal history category of II and explained that the upward departure was based on Gonzalez's long history of abusive and violent relationships with women and his own children.  See United States v. Lambert, 984 F.2d 658, 662-63 (5th Cir. 1993) (en banc).

Gonzalez argues next that the district court erred in increasing his base offense level by two, pursuant to U.S.S.G. § 2A4.1(b)(3).  He contends that the victim's testimony was insufficient to support the enhancement.  The presentence report reflected that Gonzalez poured gasoline on the victim and threatened to set him on fire.  By adopting the information of the presentence report, the district court, in effect, made a credibility determination that the information contained in the

presentence report was credible.  Such credibility determinations are within the province of the trier-of-fact.  See United States v. Huskey, 137 F.3d 283, 291 (5th Cir. 1998).

To the extent that Gonzalez seeks to raise an ineffective-assistance claim, such a claim is not reviewable on direct appeal because the record is not sufficiently developed on the merits of the claim.  See United States v. Bounds, 943 F.2d 541, 544 (5th Cir. 1991).  Given the foregoing, the judgment of the district court is AFFIRMED.

Gonzalez's motion to file a reply brief in excess of the page limits is GRANTED.  His motion to supplement the record on appeal is DENIED.

AFFIRMED; MOTION TO FILE A REPLY BRIEF IN EXCESS OF THE PAGE LIMITS GRANTED; MOTION TO SUPPLEMENT THE RECORD DENIED.