United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 20, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50549
Conference Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

THURMAN D. PAYNE,

                              Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-01-CR-899-3
---------------------

Before JONES, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     Court-appointed counsel for Thurman D. Payne has moved for

leave to withdraw from this appeal and has filed a brief pursuant

to <u>Anders v. California</u>, 386 U.S. 738 (1967).  Payne has filed a

response to the motion, contending that the district court's

determination of drug quantity was arbitrary, that he should have

been granted an offense-level reduction as a minimal participant,

that he was denied the effective assistance of counsel at

sentencing, and that his counsel had a conflict of interest.

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Payne moves for leave to file supplements to his <u>Anders</u> response, in which he asserts additional sentencing and counsel-conflict issues; those motions are GRANTED.

Our independent review of the brief, the record, and Payne's response discloses no nonfrivolous issue for appeal. Payne waived the right to appeal his sentence except upon limited grounds. The sentencing issues he asserts are waived. <u>See</u> <u>United States v. Melancon</u>, 972 F.2d 566, 567 (5th Cir. 1992). Although Payne's appeal waiver excepted his claims pertaining to ineffective assistance of counsel, including his conflict-of-interest claim, we decline to address those issues on direct appeal, without prejudice to Payne's right to assert such claims in a motion pursuant to 28 U.S.C. § 2255. <u>See</u> <u>Massaro v. United States</u>, ___ U.S. ___, 123 S. Ct. 1690, 1694 (2003); <u>see</u> <u>also</u> <u>United States v. Bounds</u>, 943 F.2d 541, 544 (5th Cir. 1991).

Accordingly, counsel's motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the APPEAL IS DISMISSED. <u>See</u> 5TH CIR. R. 42.2.