United States Court of Appeals
Fifth Circuit

**F I L E D**

February 10, 2004

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 03-10097
Summary Calendar

**UNITED STATES OF AMERICA,**

Plaintiff-Appellee,

versus

**PRISCILLA DEVITA,**

Defendant-Appellant.

**Appeals from the United States District Court
for the Northern District of Texas
(5:02-CR-91-2)**

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Priscilla Devita appeals from her jury-trial convictions for conspiracy and aiding and abetting to take a motor vehicle resulting in serious bodily injury, in violation of 18 U.S.C. §§ 2, 371, 2119, & 2119(2). Devita contends: (1) her attorney rendered ineffective assistance by failing to object to Devita's appearance before the jury in jail clothing; and (2) the evidence was insufficient to support her conspiracy conviction.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Devita's ineffective assistance of counsel argument was not presented to the district court, and Devita fails to identify portions of the record that provide substantial details about her attorney's conduct. Accordingly, as is our usual practice, we decline to address this issue on direct appeal. *See, e..g,* ***United States v. Bounds***, 943 F.2d 541, 544 (5th Cir. 1991).

Because Devita failed to move for judgment of acquittal in district court, her sufficiency challenge with respect to her conspiracy conviction "is limited to determining whether there was a manifest miscarriage of justice". ***United States v. McIntosh***, 280 F.3d 479, 483 (5th Cir. 2002) (citation omitted). Consistent with the elements for this very narrow standard of review, the record is not devoid of evidence pointing to guilt — far from it. In fact, evidence was adduced at trial with respect to every element of the conspiracy offense. In short, there was no manifest miscarriage of justice. ***Id***.

***AFFIRMED***

2