United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 18, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-50922
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DELTON GENTRY,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-02-CR-395-7
--------------------

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Court-appointed counsel for Delton Gentry (Gentry) has moved
for leave to withdraw and has filed a brief as required by <u>Anders
v. California</u>, 386 U.S. 738 (1967). Gentry has filed a response,
arguing that the indictment did not state the quantity of cocaine
base he distributed and that the representation in the
presentence report that he distributed cocaine base in quantities
ranging from multiple ounces to a few grams on almost 200
occasions is too speculative to support the factual basis in the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

plea agreement that he distributed more than 150 grams but less than 500 grams of cocaine base. Gentry also contends that his attorney provided ineffective assistance of counsel.

As part of his plea agreement, Gentry agreed to waive the right to appeal his sentence except as to any upward departure under U.S.S.G. § 5K2.0, ineffective assistance of counsel, or prosecutorial misconduct.

Our independent review of counsel's brief, Gentry's response, and the record discloses no nonfrivolous issues for appeal. We do not address Gentry's ineffective assistance argument because the record on this issue has not been adequately developed. See United States v. Bounds, 943 F.2d 541, 544 (5th Cir. 1991). Accordingly, the motion to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the appeal is DISMISSED. See 5TH CIR. R. 42.2.