**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**September 22, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

—————————

No. 04-10102
Summary Calendar

—————————

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

KAREN LEWIS,

                              Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:03-CR-201-ALL-A
---------------------

Before EMILIO M. GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Karen Lewis appeals her conviction of laundering monetary instruments in violation of 18 U.S.C. § 1956(a)(3). We affirm.

     Lewis argues that the district court plainly erred in disallowing the playing of surveillance tapes in favor of admitting the transcripts. Lewis has not shown that there was plain error. See United States v. Reyes, 300 F.3d 555, 558 (5th Cir. 2002).

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Lewis complains that the district court plainly erred in excluding the testimony of a polygraph examiner. There was no plain error, as the record indicates that Lewis failed to establish that the examiner's testimony was relevant and that polygraph exams were accepted in the scientific community. See United States v. Posado, 57 F.3d 428, 432 (5th Cir. 1995); FED. R. EVID. 702.

Lewis next asserts that the district court erred in limiting the cross-examination of Government witnesses and the time for closing argument. Lewis has not shown that these rulings constituted plain error. See United States v. Gray, 105 F.3d 956, 963-64 (5th Cir. 1997).

Lewis asserts that the district court clearly erred in finding that Lewis participated in the laundering of $520,000 for sentencing purposes. Lewis has not shown clear error. See United States v. Gillyard, 261 F.3d 506, 510 (5th Cir. 2001). For the first time in her reply brief, Lewis relies upon Apprendi v. New Jersey, 530 U.S. 466 (2000) and Blakely v. Washington, 124 S. Ct. 2531 (2004) and argues that the jury, not the district court, must determine whether she was responsible for laundering $520,000. This court will not address the Apprendi argument, as Lewis did not raise it in her initial appellate brief. See Cousin v. Trans Union Corp., 246 F.3d 359, 373 n.22 (5th Cir. 2001). Although Blakely was not decided at the time Lewis filed her initial brief on appeal, her argument is foreclosed by this

court's recent opinion in <u>United States v. Pineiro</u>, ___ F.3d ___, No. 03-30437, 2004 WL 1543170, *1 (5th Cir. July 12, 2004).

Lewis also argues that her trial counsel was ineffective for failing to raise objections to the district court rulings admitting transcripts of surveillance tapes, excluding the testimony of her expert witness, limiting the cross-examination of Government witnesses, refusing to continue closing argument, and limiting the time allowed for closing argument. We generally do not resolve claims of ineffective assistance of counsel on direct appeal because the record is rarely sufficiently developed. <u>See</u> <u>United States v. Bounds</u>, 943 F.2d 541, 544 (5th Cir. 1991). The record is insufficient for us to consider Lewis's claims on direct appeal. <u>See</u> <u>id.</u> Accordingly, the judgment of conviction is AFFIRMED without prejudice to Lewis's right to raise her ineffective assistance of counsel claims in a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. We express no view on the merits of such a motion.