United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 25, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-41439
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOEL DEAN BISHOP,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:03-CR-17-1
---------------------

Before REAVLEY, WIENER and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Joel Dean Bishop appeals his jury conviction for possession
of a firearm by a convicted felon in violation of 18 U.S.C.
§ 922(g)(1). Bishop contends that the district court erred when
it denied his motions for continuance so that a proper
investigation could be conducted. He also contends that defense
counsel rendered ineffective assistance when he failed to prepare
for trial and conduct an investigation in hopes that the district
court would grant a continuance.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Bishop concedes that the amount of preparation time was not inadequate, that the Government had an open file discovery policy, and that the case was not complex. Bishop has failed to give examples of defenses that could have been asserted if the continuance were granted. He has also failed to identify any potential witnesses by name or indicate how the substance of their testimony would have changed the outcome of his case. Bishop's conclusional allegations that defense counsel was not prepared and did not conduct a proper investigation are insufficient to show that the district court abused its discretion and that he suffered serious prejudice as a result of the denial of his motions to continue the trial. See United States v. Scott, 48 F.3d 1389, 1393 (5th Cir. 1995).

Further, although this court generally does not allow claims for ineffective assistance of counsel to be resolved on direct appeal when those claims have not been presented before the district court, the record is sufficiently developed for this court to consider Bishop's ineffective assistance of counsel claim. See United States v. Bounds, 943 F.2d 541, 544 (5th Cir. 1991).

Bishop has failed to demonstrate how defense counsel's performance was deficient and how this deficient performance prejudiced his defense. Although defense counsel met with Bishop on only one occasion outside of the courthouse, he did have other discussions with Bishop prior to trial. Further, although the

motions to suppress were untimely, they were considered by the district court, and Bishop's statement to law enforcement officers was not introduced at trial.  Finally, Bishop's conclusional allegations that defense counsel failed to find any witnesses, present a defense, prepare for trial, and investigate in hopes that the district court would grant a continuance are insufficient to support a claim for ineffective assistance of counsel.  See Koch v. Puckett, 907 F.2d 524, 530 (5th Cir. 1990).

Accordingly, the district court's judgment is AFFIRMED.