# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50491
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 24, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARVIN DONALD STEELE,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 5:11-CR-449-1

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Marvin Donald Steele challenges the district court's decision denying his motion to withdraw his guilty plea. A defendant may withdraw his plea before sentencing if he establishes "a fair and just reason for requesting the withdrawal." FED. R. CRIM. P. 11(d)(2)(B). Seven factors are relevant to the determination: (1) whether the defendant asserts his innocence, (2) whether the Government will be prejudiced, (3) whether the defendant delayed filing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50491

the motion, (4) whether withdrawal will "substantially inconvenience" the court, (5) whether the defendant had "close assistance" of counsel, (6) whether the plea was knowing and voluntary, and (7) whether withdrawing the plea will waste judicial resources. *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984). We review the district court's decision for abuse of discretion. *United States v. McKnight*, 570 F.3d 641, 645 (5th Cir. 2009). The "court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence." *Id.*

Steele challenges his guilty plea principally by relying on claims that he did not understand the plea agreement or the plea hearing, that his attorney coerced him to plead guilty, and that he is innocent. The district court rejected his testimony regarding these claims as not credible and found that the evidence of his guilt was "overwhelming." The court "articulated the appropriate standard" under *Carr* and "carefully applied this standard to the facts." *United States v. Bounds*, 943 F.2d 541, 543 (5th Cir. 1991). As in *Bounds*, Steele relies on "conclusory allegations that are clearly refuted by the record." *Id.* We find no abuse of discretion, as he has not shown that the district court denied the motion based on an error of law or a clearly erroneous factual finding. *See McKnight*, 570 F.3d at 645.

The judgment of the district court is AFFIRMED.