# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-20778
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 27, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ERIC UGORJI,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CR-260-1

Before DAVIS, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:*

Eric Ugorji pleaded guilty to conspiracy to commit heath care fraud and was sentenced to 120 months of imprisonment and a three-year term of supervised release. On appeal, he contends that his trial counsel rendered ineffective assistance of constitutional magnitude.

As Ugorji acknowledges, we generally do not review claims of ineffective assistance of counsel on direct appeal when those claims have not been

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

presented before the district court, *United States v. Haese*, 162 F.3d 359, 363 (5th Cir. 1998). Such claims generally "cannot be resolved on direct appeal when [they have] not been raised before the district court since no opportunity existed to develop the record on the merits of the allegations." *United States v. Cantwell*, 470 F.3d 1087, 1091 (5th Cir. 2006) (internal quotation marks and citation omitted). We will review ineffective assistance claims on direct appeal only in rare cases where the record allows for a fair evaluation of the merits. *United States v. Rivas*, 157 F.3d 364, 369 (5th Cir. 1998). When the record does not provide substantial details about the attorney's conduct or the appellant's allegations, the record is not sufficiently developed. *United States v. Bounds*, 943 F.2d 541, 544 (5th Cir. 1991).

Here, Ugorji does not claim that there were any allegations about ineffective assistance of counsel raised in, or considered by, the district court; accordingly, there was no opportunity to develop the claim. The district court did not conduct an evidentiary hearing at which testimony was adduced or request affidavits or other evidence as to Ugorji's claim, and the record contains few details about counsel's conduct regarding the alleged errors. Thus, the record is not sufficiently developed to allow direct review of Ugorji's claim. *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014); *United States v. Kizzee*, 150 F.3d 497, 502-03 (5th Cir. 1998). We therefore DISMISS WITHOUT PREJUDICE as to Ugorji's right to assert his ineffective assistance claims in a 28 U.S.C. § 2255 proceeding. *See Isgar*, 739 F.3d at 841; *Bounds*, 943 F.2d at 544.