# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 3, 2023

Lyle W. Cayce
Clerk

———————————

No. 22-60608
Summary Calendar

———————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Tyrese V. Watts,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:21-CR-22-1

_____

Before Jones, Southwick, and Ho, *Circuit Judges*.

Per Curiam:[*]

Pursuant to a written plea agreement, Tyrese V. Watts pleaded guilty to one count of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1), and he was sentenced to 120 months of imprisonment and three years of supervised release.  On appeal, Watts contends that his trial counsel

———————————

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

provided ineffective assistance and that his sentence was substantively unreasonable.

In his plea agreement, Watts waived the right to appeal or challenge his conviction and sentence "on any ground whatsoever," only reserving the right to bring a claim of ineffective assistance of counsel. A defendant may waive the statutory right to appeal in a valid plea agreement. *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005). Here, the record evinces that Watts knowingly and voluntarily waived his right to appeal. *See United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005). Moreover, affording the language of the appeal waiver its plain meaning, it undoubtedly applies to Watts's challenge to the reasonableness of his sentence because it applies to all claims other than ineffective assistance of counsel. *See id.*

Watts's appeal waiver does not bar his ineffective assistance of counsel claims under its express terms. To prevail on a claim of ineffective assistance of counsel, a criminal defendant must show that his "counsel's performance was deficient" and that "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Watts contends that his trial counsel rendered ineffective assistance by failing to challenge the constitutionality of § 922(g)(1) based on *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111, 2129-30 (2022). Further, he claims that his trial counsel failed to investigate the facts underlying the case and to introduce evidence at his sentencing hearing to challenge the base offense level assigned in his presentence report.

Generally, claims of "ineffective assistance of counsel should not be litigated on direct appeal, unless they were previously presented to the trial court." *United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014) (internal quotation marks and citation omitted). Here, the record does not substantially detail trial counsel's conduct. *See United States v. Bounds*,

943 F.2d 541, 544 (5th Cir. 1991).    There is no mention of the constitutionality of § 922(g), much less counsel's knowledge of the recent decision in *Bruen*, any research conducted on the topic, or any legal conclusions reached by counsel.    Further, counsel did not present any evidence regarding his efforts to investigate the facts or to introduce evidence at the sentencing hearing.    Watts did not file any post-trial motions contesting his counsel's actions.    *See United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995).    Finally, Watts's claims are not based on purely legal issues but rather on counsel's actions or failures to act.    *See United States v. Diehl*, 775 F.3d 714, 719 (5th Cir. 2015).    Therefore, we decline to consider Watts's claims of ineffective assistance of counsel at this time.    *See Isgar*, 739 F.3d at 841.

Given the foregoing, the appeal is DISMISSED, but without prejudice to Watts's right to raise his claims of ineffective assistance of counsel on collateral review.    *See, e.g.*, *United States v. Kelly*, 915 F.3d 344, 352 (5th Cir. 2019).