# United States Court of Appeals
# for the Fifth Circuit

_____

No. 23-60195
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
October 10, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Boris Ward,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:19-CR-3-1

_____

Before Willett, Duncan, and Douglas, *Circuit Judges*.

Per Curiam:[*]

A jury convicted Boris Ward of possession of methamphetamine (mixture) with intent to distribute, possession of 50 grams or more of methamphetamine with intent to distribute, possession of a firearm by a felon, and possession of a firearm in furtherance of a drug trafficking crime. The district court sentenced him within the guidelines range to a total of 295

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-60195

months of imprisonment, followed by a five-year term of supervised release. On appeal, Ward contends that his trial counsel rendered ineffective assistance and the district court abused its discretion by denying his request for a downward variance.

Ward argues that his trial counsel rendered ineffective assistance by (1) failing to understand the Government's plea offer and to adequately explain it, (2) advising Ward to reject a proposed stipulation to a previous felony conviction and failing to object to the introduction of evidence of Ward's prior conviction, and (3) failing to object to the introduction of photographs of methamphetamine sold by Ward in lieu of the drugs themselves, which had been destroyed by mistake. However, generally, claims of "ineffective assistance of counsel should not be litigated on direct appeal." *United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014) (internal quotation marks and citation omitted).

Here, the record does not allow us "to fairly evaluate the merits of the claim[s]." *Id.* (internal quotation marks and citation omitted). The record does not substantially detail trial counsel's knowledge, understanding of the case, investigations, legal research, advice to Ward, or strategic decisions made during the representation. *See United States v. Bounds*, 943 F.2d 541, 544 (5th Cir. 1991). Ward did not file any post-trial motions contesting his counsel's actions or otherwise complain about his counsel's performance. *See United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995). Finally, his claims are not based on purely legal issues but rather on counsel's actions or failures to act. *See United States v. Diehl*, 775 F.3d 714, 719 (5th Cir. 2015). Therefore, we decline to consider Ward's claims of ineffective assistance of counsel at this time without prejudice to his right to raise them in a 28 U.S.C. § 2255 motion. *See, e.g.*, *United States v. Gulley*, 526 F.3d 809, 821-22 (5th Cir. 2008).

No. 23-60195

Further, Ward claims that the distinction in the Sentencing Guidelines between methamphetamine mixture and d-methamphetamine hydrochloride, or "Ice," resulted in an unwarranted sentencing disparity in his case. *See generally* U.S.S.G. § 2D1.1(c). He argues that the district court should have granted his request for a downward variance to account for this disparity. This argument "amounts to a challenge to the substantive reasonableness of [his] sentence," which we review for abuse of discretion, while maintaining a presumption that a within-guidelines sentence is reasonable. *United States v. Douglas*, 957 F.3d 602, 609 (5th Cir. 2020) (internal quotation marks, brackets, and citation omitted).

While the district court has the discretion to sentence a defendant based on policy disagreements with how the Guidelines treat different forms of methamphetamine, it is not required to do so, and a within-guidelines sentence is not substantively unreasonable merely because the methamphetamine Guideline is "not empirically-based." *United States v. Lara*, 23 F.4th 459, 486 (5th Cir.), *cert. denied*, 142 S. Ct. 2790 (2022); *see United States v. Malone*, 828 F.3d 331, 338-39 (5th Cir. 2016). In this case, the record indicates that the district court was aware of its discretion to vary downward for policy reasons and chose not to exercise its discretion. *See Malone*, 828 F.3d at 338-39. Additionally, the record shows that the district court relied on appropriate 18 U.S.C. § 3553(a) factors in determining the sentence. *See Douglas*, 957 F.3d at 609-10. Nothing suggests that the district court failed to consider a factor that should have received significant weight, gave significant weight to an improper factor, or made a clear error of judgment in balancing the sentencing factors. *See id.* at 609. Therefore, Ward has failed to rebut the presumption that his within-guidelines sentence is reasonable. *See Lara*, 23 F.4th at 486; *Douglas*, 957 F.3d at 609.

The judgment of the district court is AFFIRMED.