# United States Court of Appeals
# for the Fifth Circuit

_____

No. 23-50691
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
July 12, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Mark Nagy,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:22-CR-273-1

_____

Before Jones, Southwick, and Ho, *Circuit Judges*.

Per Curiam:*

Mark Nagy appeals the 97-month sentence imposed following his conviction for possession with intent to distribute cocaine. He argues that trial counsel rendered ineffective assistance by failing to object to an offense-level adjustment in the presentence report for the possession of dangerous weapons.

_____

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-50691

The record is not sufficiently developed on direct appeal to allow us to fairly evaluate the merits of Nagy's ineffective assistance of counsel claim. *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014). His claim is not based on purely legal issues but rather on counsel's actions or failures to act. *See United States v. Diehl*, 775 F.3d 714, 719 (5th Cir. 2015). Furthermore, Nagy did not raise the issue in the district court by filing a post-trial motions contesting his counsel's actions or otherwise complain about his counsel's performance. *See United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995). As a result, the record does not substantially detail trial counsel's knowledge, understanding of the case, or legal research made during the representation. *See United States v. Bounds*, 943 F.2d 541, 544 (5th Cir. 1991). We therefore decline to consider Nagy's claim of ineffective assistance of counsel at this time without prejudice to his right to raise it in a habeas corpus proceeding. *See United States v. Gulley*, 526 F.3d 809, 821-22 (5th Cir. 2008).

AFFIRMED.