**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

NO. 97-60277
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

VERSUS

ANTHONY KIZZEE,

Defendant-Appellant.

Appeal from the United States District Court
For the Southern District of Mississippi

August 10, 1998

Before DAVIS, DUHÉ, and PARKER, Circuit Judges.

PARKER, Circuit Judge:

**I.**

**FACTS & PROCEDURAL HISTORY**

Anthony Kizzee was arrested in California on various drug offenses and was transferred to the Southern District of Mississippi for trial where the offenses charged were committed. At his initial appearance on September 13, 1996, Kizzee stated that his attorney, Milton Grimes of California, was unable to be present on that date and therefore he was not arraigned. Nevertheless, by September 17, 1996, Kizzee requested court-appointed counsel and

1

signed the accompanying financial affidavit. September 18, the following day, the district court appointed D. Neil Harris to represent Kizzee. Harris moved to continue the original trial date of October 7, 1996, and the district court granted the motion, scheduling trial for February 3, 1997. By January 2, 1997, Kizzee's family had retained Darwin M. Maples to represent Kizzee. On January 8, 1997, Harris moved to withdraw as Kizzee's attorney at Kizzee's request. On January 10, 1997, Maples requested that the district court substitute him as retained counsel for Kizzee. The district court granted the motion.

On January 24, the district court denied Kizzee's *pro se* motion to dismiss his indictment, determining that Kizzee had not been denied his right to a speedy trial. At that hearing, Kizzee informed the court that his family was trying to hire counsel to replace Maples and that he did not want Maples as his attorney. The district court asked Kizzee whether he wished to proceed without counsel, and Kizzee answered that he did not. The district court informed Kizzee that if he retained other counsel, the new attorney would have to be ready to go to trial on February 3.

Kizzee's trial proceeded on February 3, 1997, with Maples as defense counsel. Before the jury was selected, Kizzee moved to dismiss Maples as his counsel. Kizzee stated that Maples did not file motions that Kizzee wished to present to the district court. Kizzee argued again that he was denied a speedy trial. He also moved for a change of venue and stated that he had been denied the

opportunity to review all of the discovery materials. Kizzee stated that Maples could not have prepared sufficiently for trial in the time that he had prior to trial. Kizzee also stated that he was not being afforded a fair trial. Whereupon, the district court informed Kizzee that it had previously ruled on the speedy-trial motion. The court then overruled all of Kizzee's motions after Maples assured the court that he had received all the discovery materials from Kizzee's previous attorney and that he had gone over the materials with Kizzee.

After the trial had proceeded for two days, Maples requested permission to make a statement on the record. Maples stated that he had tried to discuss the case with Kizzee before the trial began, but Kizzee refused to talk to him. Maples stated that he did manage to go over the discovery materials with Kizzee and that he discussed with Kizzee the information that had been elicited by the Government at trial. Maples stated that "[t]his has been no surprise to me or the defendant and I would say that I explained to him about the witnesses, most of them that were testifying here. . . . But the cooperation has been very, very limited and very, very unusual."

Kizzee stated that Maples had not conducted sufficient cross-examination of the witnesses and that Maples had been "hiding behind this briefcase over here, not taking no notes, not doing nothing, not asking questions. He is not even trying to defend me.

3

I don't think he's in my best interest. . . . He's not working with me at all."

Following the Government's direct examination of its next witness, Kizzee requested permission to ask questions of the witness. Kizzee asked, "Don't I have the right to defend myself?" The district court explained that Kizzee could question the witnesses but cautioned Kizzee that he could not testify without taking the stand. The court stated that it would help Kizzee to stay "within the rules." Kizzee responded, "Okay, But I want -- at this point start to defend myself better." From that point, Kizzee conducted his own defense, cross-examining the witnesses himself.

The district court agreed to recall witnesses previously examined by the Government in response to Kizzee's complaints about Maples' performance during the trial so that Kizzee could question them.[1] The district court allowed Kizzee wide latitude in questioning the witnesses, and Kizzee cross-examined each witness presented by the Government on the third day of trial. The district court instructed Maples to assist Kizzee as needed.

Following the presentation of the Government's case, Kizzee complained that Maples was not assisting him. Kizzee again stated that during Maples' cross-examination, Maples did not ask certain questions that Kizzee had requested Maples to ask. Kizzee also

---

[1] The district court did not recall a chemist who had returned to California because the parties had stipulated that the substance seized was cocaine.

requested additional time to review some of the discovery materials.

Maples stated that during the first two days of trial, he had cross-examined witnesses after conferring with Kizzee about what to ask on cross-examination. The district court denied Kizzee's motion for additional time to review the discovery materials after Maples stated that he had reviewed the materials with Kizzee "page by page," despite Kizzee's refusal, at times, to communicate with Maples.

Kizzee conducted direct examination of five re-called government witnesses on the last day of trial, and Kizzee delivered the closing argument. After the jury returned guilty verdicts, the district court informed Kizzee that he should confer with Maples concerning sentencing issues, and Kizzee agreed to do so.

Kizzee contends on appeal that the district court erred by not post-poning his trial long enough for Maples to prepare an adequate defense, and that the district court erred when it allowed the trial to continue after the proceedings began to deteriorate. Further, Kizzee contends that at trial he was forced to choose between ineffective trial counsel and self-representation and that this situation cannot be viewed at a voluntary waiver of the Sixth Amendment right to counsel. Kizzee therefore contends that he was denied effective assistance of counsel, and that the district court's failure to continue the trial resulted in a fundamentally unfair trial.

## II.

## LAW & ANALYSIS

## A.

## Continuance

"[T]rial judges have broad discretion in deciding whether to grant continuances." *United States v. Correa-Ventura*, 6 F.3d 1070, 1074 (5th Cir. 1993). Because Kizzee did not move for a continuance in the district court, his assertion is reviewed for plain error only. *See United States v. Jackson*, 50 F.3d 1335, 1340 n.6 (5th Cir. 1995) (issue which is not raised in district court is reviewed for plain error). Under Fed. R. Crim. P. 52(b), this court may correct forfeited errors only when the appellant shows the following factors: (1) there is an error, (2) that is clear or obvious, and (3) that affects his substantial rights. *United States v. Calverley*, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc), *citing United States v. Olano*, 507 U.S. 725, 730-36 (1993). If these factors are established, the decision to correct the forfeited error is within the sound discretion of the court, and the court will not exercise that discretion unless the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Olano*, 507 U.S. at 736. To prevail in an assertion that the court should have granted a continuance on appeal, the appellant must demonstrate "serious prejudice." *Correa-Ventura*, 6 F.3d at 1074.

## *Before Trial*

Kizzee's assertion that the district court should have ordered a continuance before trial began because counsel could not prepare sufficiently for trial in thirteen days is disingenuous. Harris, Kizzee's appointed counsel, indicated that Kizzee informed him on December 23, 1996, that Kizzee had retained Maples. Kizzee himself testified that Maples was retained by his family on January 2, 1997. On January 10, 1997, Maples filed a motion to substitute counsel. Trial was scheduled for February 3. Kizzee suggests that this court should presume prejudice because counsel was retained a short time prior to trial. This court has rejected that claim when counsel had only seven days to prepare. *See Jackson*, 50 F.3d at 1340 n.6.

Kizzee's assertions that the district court should have continued the trial because it was aware, and Maples informed the court, that he was unprepared for trial are also without merit. Maples told the district court that he had received the discovery materials timely and that he had reviewed the materials with Kizzee. Although Maples asserted that he did not have any witnesses to present in Kizzee's defense, Maples informed the court that he tried to get Kizzee to talk to him about the witnesses and Kizzee refused to tell Maples anything about any witnesses. Maples stated that none of the testimony elicited at trial came as a surprise and that he had reviewed the exhibits with Kizzee.

Finally, Kizzee's contention that the district court should have granted a continuance prior to trial to protect his interests is refuted by Kizzee's own pretrial conduct. At the hearing on January 24, 1997, and on the day trial began, Kizzee argued for dismissal on the grounds that he did not receive a speedy trial. At no time did Kizzee seek a continuance. Instead, he continued to press the speedy-trial issue. The district court did not err by failing *sua sponte* to continue the February 3, 1997, trial date.

*ii.*

*During Trial*

Kizzee also contends that the district court should have stopped the trial proceedings once Kizzee assumed his own defense and the proceedings deteriorated to the point that Kizzee could not obtain a fair trial. Kizzee notes specific record passages in support of his argument. The Government seeks to adopt the record references cited in Kizzee's brief, asserting that these references demonstrate the district court's attempt to safeguard Kizzee's rights and to provide Kizzee with a fair trial.

Inspection of each cited reference indicates that the Government's characterization of these passages is accurate. The district court tried to help Kizzee ask questions that would elicit the information he was seeking. The district court protected Kizzee's appellate rights by moving for a judgment of acquittal at the close of the Government's case and at the close of the trial. The district court would not allow Kizzee to ask questions about

8

inadmissible evidence and would not allow him to testify during the course of his examinations of the witnesses and in closing argument. The district court would not allow Kizzee to ask the same question repeatedly or to continue a line of questioning following a sustained objection.

Kizzee's characterization of the district court's conduct is inaccurate. Kizzee's example of the court engaging in dialogue with a witness was actually an instance in which the court instructed the witness not to ask questions of Kizzee. Kizzee's example of the court answering for the witness was an instance in which the prosecutor was conducting the examination.

Kizzee's contention that the district court conducted the trial improperly, abused its discretion, and deprived him of a fair trial is a disparaging mischaracterization of the events recorded in the trial transcript. The conduct of trial is a matter within the sound discretion of the district court. *United States v. Chavis*, 772 F.2d 100, 108 (5th Cir. 1985). The district court has the authority to question a witness and clarify facts that are presented. *United States v. Weeks*, 919 F.2d 248, 253 (5th Cir. 1990). As the Government noted, the record passages identified by Kizzee as instances of improper conduct by the district court actually demonstrate the district court's attempt to maintain proper trial procedure, while attempting to assist Kizzee in his own defense. A review of the entire trial transcript demonstrates

9

that the district court did not deprive Kizzee of a fundamentally fair trial.

## B.

### Right to Counsel

Kizzee, like all other felony defendants, had a constitutional right to effective assistance of counsel at his trial. *Tucker v. Day*, 969 F.2d 155, 159 (5th Cir. 1992); *Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 2063, 80 L. Ed. 2d 674 (1984). By the same token, Kizzee had a constitutional right to represent himself. The choice to represent one's self is honored by the Constitution, provided that it is made knowingly and voluntarily. *United States v. Martin*, 790 F.2d 1215, 1218 (5th Cir. 1986), *citing McKaskle v. Wiggins*, 465 U.S. 168, 173, 104 S. Ct. 944, 949, 79 L. Ed. 2d 122 (1984). There is a presumption against finding waiver of the right to counsel, founded in our realization of the inherent treachery of that course. *Burton v. Collins*, 937 F. 2d 131, 133 (5th Cir. 1991)( A defendant's assertion of the right to self-representation must be "clear and unequivocal"), *citing Faretta v. California*, 422 U.S. 806, 835, 95 S. Ct. 2525, 2541, 45 L. Ed. 2d 562 (1975). Nevertheless, that election, no matter how perilous, must be honored if clearly and unequivocally made by a defendant with his eyes open. *Faretta, supra*. If Kizzee properly waived his right to counsel, then no denial of that right has occurred and Kizzee was not denied a fair trial.

10

We will accept, for the sake of argument, Appellant's proposition that his waiver of the right to counsel, if any, was not voluntary, because he chose self-representation over ineffective assistance of counsel. However, that proposition is predicated on the notion that Maples' representation of Kizzee amounted to ineffective assistance of counsel.

Generally, this Court declines to review Sixth Amendment claims of ineffective assistance of counsel on direct appeal. *United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995). This Court has "undertaken to resolve claims of inadequate representation on direct appeal only in rare cases where the record allowed [the court] to evaluate fairly the merits of the claim." *United States v. Higdon*, 832 F.2d 312, 314 (5th Cir. 1987).

Kizzee contends that the record is sufficiently developed for this Court to address his ineffective-assistance claims. The Government contends that the issue was not presented to the trial court and that this Court should not address Kizzee's claims that Maples' representation was constitutionally deficient.

Kizzee did express his dissatisfaction with Maples before and during trial, and the district court did entertain some discussion of the allegations of ineffectiveness on the record. However, neither Maples nor Kizzee were sworn and subjected to a hearing on the allegations of ineffective assistance of counsel. Also, the district court did not make any factual findings regarding the allegations of ineffective assistance. If this Court were to

11

analyze these issues on the present record, we would have to speculate as to the reasons for Maples' alleged acts and omissions. *See United States v. Thomas*, 12 F.3d 1350, 1368 (5th Cir. 1994).

Kizzee's case is not one in which this Court should endeavor to consider ineffective assistance of counsel claims on direct appeal. Therefore, we decline to consider Kizzee's claims of ineffective assistance of counsel without prejudice to Kizzee's right to raise that issue in a § 2255 motion. *See United States v. Price*, 95 F.3d 364, 369 (5th Cir. 1996).

## III.

### CONCLUSION

The district court did not err by failing *sua sponte* to continue the February 3, 1997, trial date, as retained counsel had been on the job since January 2, 1997, at the latest.

The district court did not err by failing to stop the trial once Kizzee had taken over his own representation. The record reveals that the district court did all it could to assist Kizzee, and that Kizzee got a fair trial.

Finally, this Court cannot address Kizzee's contention that his waiver of the right to counsel was involuntary because he was forced to choose between ineffective assistance of counsel and self-representation. The record before us is not developed well enough on the point for us to determine the adequacy of Maples' representation of Kizzee. We therefore must decline to review this point of error, preserving Kizzee's right to present this matter to

12

the district court *via* § 2255.  Therefore we affirm Kizzee's conviction.

AFFIRMED.