IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

NO. 97-11147
USDC NO. 4:91-CR-22-12-A
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

JAMES TRAYNOR SPAULDING,

Defendant-Appellant.

---------------
Appeal from the United States District Court
for the Northern District of Texas
---------------

August 20, 1999

Before JOLLY and SMITH, Circuit Judges, and VANCE,[*] District Judge.

PER CURIAM:[**]

Appellant James Traynor Spaulding appeals his convictions for conspiracy to engage in mail fraud, wire fraud, bank fraud, an unlawful lottery and money laundering in violation of 18 U.S.C. § 371, as well as of substantive counts of bank fraud under 18 U.S.C. § 1334, and money laundering under 18 U.S.C. §§ 1956(a)(1)(A)(i) and (2). For the reasons stated in this opinion, we affirm his conviction and sentence.

_____

[*]    District Judge of the Eastern District of Louisiana, sitting by designation.

[**]    Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

1

Appellant contends that the trial court erred when it denied his repeated motions for a continuance because the trial schedule gave him less than 30 days after the appearance of his new counsel to prepare for trial. He contends that this violated the Speedy Trial Act, 18 U.S.C. § 3161(c)(2), which provides that the trial shall not commence less than 30 days from the date on which the defendant first appears through counsel. Spaulding also argues that, apart from § 3161(c)(2), he had inadequate time to prepare for trial under 18 U.S.C. § 3161(h)(8).

Spaulding did not assert in the trial court that denial of a continuance would violate the 30-day period provided in 18 U.S.C. § 3161(c)(2). Accordingly, we review his § 3161(c)(2) claim for plain error. *See United States v. Kizzee*, 150 F.3d 497, 501 (5th Cir. 1998). The court may correct forfeited errors only when the appellant shows: (1) there is an error, (2) that is clear or obvious, and (3) that affects his substantial rights. *Id*.

Spaulding has not shown a violation of § 3161(c)(2), much less plain error. Spaulding appeared with his first lawyer for arraignment on May 23, 1991. The trial court set a trial date of September 16, 1991. His first lawyer filed a number of motions and then moved to withdraw on July 12, 1991. The trial court permitted him to withdraw on August 22, 1991 and appointed his second lawyer on the same day. This lawyer made his first appearance on August 26, 1991. The trial court thereafter moved the trial date to September 23, 1991. The essence of Spaulding's argument is that the 30-day period provided in § 3161(c)(2) runs from the appearance

2

of his second lawyer because his first lawyer was incompetent. Since the period from the appearance of his second lawyer on August 26th to the trial date of September 23rd was less than 30 days, Spaulding concludes that the Speedy Trial Act was violated.

Section 3161(c)(2) does not require a new 30-day trial preparation period each time a defendant changes counsel. *See United States v. Jackson*, 50 F.3d 1335, 1338 (5th Cir. 1995). The retention or appointment of new counsel simply does not trigger a new 30-day period. *See id*. at 1339. Although Spaulding relies on *United States v. Storm*, 36 F.3d 1289 (5th Cir. 1994), that case is distinguishable from his case. In *Storm*, defendant's first lawyer had a conflict, and the court found that his conflict-tainted representation did not trigger the running of the 30-day period. *See id*. at 1293. Here, Spaulding's original counsel was not encumbered by a conflict, and he took steps to advance the case by meeting with Spaulding and filing a motion for a bill of particulars, a motion to file additional motions, and a motion requesting a hearing to determine the admissibility of co-conspirator hearsay statements. Under these circumstances, the court finds that the appearance of Spaulding's first lawyer triggered the running of the 30-day period, and there was no violation of § 3161(c)(2).

Spaulding's other argument, that the lack of a continuance gave him inadequate time to prepare under 18 U.S.C. § 3161(h)(8) is equally unavailing. Section 3161(h)(8) authorizes the trial court to grant a continuance if "the ends of justice served by taking

3

such action outweigh the best interest of the public and the defendant in a speedy trial." This court reviews the denial of a motion for a continuance for abuse of discretion resulting in serious prejudice. *See United States v. Correa-Ventura*, 6 F.3d 1070, 1074 (5th Cir. 1993). When a defendant complains of inadequate preparation time as a result of the denial of a continuance, the court looks at the amount of preparation time available, whether the defendant took advantage of the time available, the likelihood of prejudice from a denial, the availability of discovery from the prosecution, and the complexity of the case. *See United States v. Scott*, 48 F.3d 1389, 1393 (5th Cir. 1995). Consideration of these factors does not require a finding that the district court abused its discretion in denying a continuance in this case.

It is true that this telemarketing fraud case was relatively complex, but the trial court managed discovery to assure that defense counsel obtained the materials relevant to Spaulding reasonably in advance of trial. For example, Spaulding's second lawyer complained in his continuance motion of having to review and make copies from 31 boxes of documents that the government produced at the Postal Inspection Office. In response, the trial judge cut through the document issue by ordering the government to produce <u>and copy</u> documents from five boxes that specifically dealt with Spaulding. These documents were produced on September 3rd, about three weeks before the September 23rd trial. Defense counsel represented to the court that he was reviewing the documents with

4

his client with whom he was in regular contact either in person or by phone. The trial court appointed an investigator to assist Spaulding with trial preparation. The trial court also required the government to cull through its witness list to identify for Spaulding the names and phone numbers of witnesses who claimed to know him or know of him. Defense counsel had time to file a motion in limine, a motion for severance and misjoinder, a motion to dismiss, and a motion for additional peremptory challenges. The trial court complimented defense counsel on his efforts and his grasp of the case. There was no abuse of discretion in denying a continuance.

Further, Spaulding has identified no prejudice from the trial court's denial of the continuance. He contends that his counsel was hampered in cross-examining government witness, Robert Casazza, but the information he claims his counsel needed for effective cross-examination involved his own plea intentions, which he obviously could have related to his lawyer himself. Accordingly, we hold that there was no error in the trial court's denial of Spaulding's motion for continuance.

Furthermore, none of Spaulding's other arguments warrants reversal of his conviction or sentence. There was sufficient evidence to support his conspiracy conviction under 18 U.S.C. § 371 because there was evidence that Spaulding provided advice and documents to form the telemarketing operation and that he received $10,000 for obtaining Robert Casazza's agreement to act as a processor for Douglas Cox and Saul Galindo. Further, the district

5

court did not abuse its discretion in admitting evidence of Spaulding's involvement in an earlier and similar telemarketing scheme. Evidence of his involvement in a prior telemarketing scheme, even if extrinsic, was admissible because it was relevant to prove intent, plan or knowledge under Federal Rule of Evidence 404(b), its probative value was not outweighed by undue prejudice given the proximity in time and similarity of operation of the two schemes, and the trial court gave an instruction limiting the use of this evidence for permissible purposes. *See United States v. Route*, 104 F.3d 59, 63 (5th Cir. 1997). Similarly, the district court did not abuse its discretion in denying Spaulding's motion to sever because he failed to show specific and compelling prejudice which resulted in an unfair trial. *See United States v. Mitchell*, 31 F.3d 271, 276 (5th Cir. 1994); *United States v. Pena-Rodriguez*, 110 F.3d 1120, 1128 (5th Cir. 1997). At most, Spaulding demonstrated a quantitative disparity in evidence and the possibility of a spill-over effect, neither of which, without more, warrants a severance. *Mitchell,* 31 F.3d at 276.

Finally, Spaulding raises for the first time on appeal claims that he was subject to selective prosecution and an unwarranted disparity in sentencing in violation of his due process and equal protection rights. The court reviews these claims for plain error. Spaulding's claims are premised on the fact that the government entered into a plea agreement with a co-defendant under which that defendant was allowed to plead to a state charge, and his company pled to a felony. These claims are totally devoid of merit. A

prosecutor enjoys discretion to enter into plea bargains with some defendants and not with others, and "[a]bsent a showing of vindictiveness or use of an arbitrary standard . . . the prosecutor's decision is not subject to constitutional scrutiny." *See Russell v. Collins*, 998 F.2d 1287, 1294 (5th Cir. 1993). Simply because one who pleads guilty receives more lenient treatment than a co-defendant who goes to trial does not in and of itself mean that the latter has suffered an unconstitutional burden on his right to go to trial. *United States v. Rodriguez*, 162 F.3d 135, 152 (5th Cir. 1998). Spaulding has made no showing to trigger constitutional scrutiny of the prosecutor's plea bargaining decision.

Further, Spaulding may not rely upon the sentence of a co-defendant as a yardstick for his own sentence. *See United States v. Garcia*, 693 F.2d 412, 417 (5th Cir. 1982). A disparity of sentences among co-defendants does not, without more, constitute an abuse of discretion. *United States v. Devine*, 934 F.2d 1325, 1338 (5th Cir. 1991). The trial court sentenced Spaulding to a prison term at the bottom of the applicable guideline range. He has failed to show any constitutional error in connection with his prosecution or sentence.

Finally, Spaulding's appeal of the alleged denial of his right to testify is not properly before this court. Accordingly, we decline to consider Spaulding's claim on this issue without prejudice to his right to raise the right to testify issue in a § 2255 motion.

AFFIRMED.