IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-11025
Summary Calendar

_____

MARCUS DWAYNE MAYBERRY,

Plaintiff-Appellant,

v.

TABITHA R HEFNER; GARY DODDS;
MATTHEW M HALL; LEE A FIELDS;
CRAIG A RAINES; EDDIE WHEELER,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:96-CV-284-BA
- - - - - - - - - -
February 10, 2000

Before KING, Chief Judge, and WIENER and BARKSDALE, Circuit
Judges.

PER CURIAM:[*]

    Plaintiff-Appellant Marcus Dwayne Mayberry ("Mayberry"),

Texas prisoner #605575, appeals from a judgment entered as a

matter of law in favor of Defendant-Appellee Tabitha R. Hefner

("Hefner"), and from a jury verdict in favor of Defendants-

Appellees Matthew M. Hall ("Hall") and Lee A. Fields ("Fields").

We AFFIRM.

---

    [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Mayberry claims that his constitutional rights were violated by Hefner, the prison property officer, when she destroyed his personal radio after it had been confiscated by prison authorities. Mayberry contends that Hefner destroyed the radio in retaliation for grievances he had filed against her on previous occasions. Mayberry also asserts that his Eighth Amendment rights were violated by prison guards Hall and Fields. Mayberry claims that he was injured by the guards' unnecessary use of force.

All parties involved agreed to have the case tried before a United States Magistrate Judge. At the close of evidence, the magistrate granted Hefner's motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50. Mayberry's claims against Hall and Fields were submitted to the jury. The jury returned verdicts in favor of Hall and Fields.[1] On appeal, Mayberry argues that the magistrate judge abused his discretion in handling Hefner's and Hall's testimony, failed to follow this court's prior opinion,[2] and erred in granting Hefner's motion for judgment as a matter of law.

The magistrate judge did not abuse his discretion in the handling of Hall's and Hefner's testimony. See United States v. Kizzee, 150 F.3d 497, 502 (5th Cir. 1998). In addition, our

---

[1] Gary Dodds, Craig Raines, and Eddie Wheeler were also named as defendants in Mayberry's complaint. However, they were never served and were not a part of the trial below.

[2] See Mayberry v. Hefner, No. 97-10130 (5th Cir. Dec. 11, 1997) (unpublished).

review of the record indicates that the magistrate judge did not err in granting Hefner's motion for judgment as a matter of law. See Garcia v. Woman's Hosp. of Texas, 143 F.3d 227, 229 (5th Cir. 1998). Mayberry failed to introduce any direct evidence that Hefner retaliated against him, nor did he introduce any evidence indicating a chronology of events from which retaliation may be reasonably inferred. See Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995).

Lastly, we find that the trial court's conduct was not in conflict with the authority cited in our earlier opinion in this case.

Mayberry's motion to amend the record on appeal to include exhibit #1 is DENIED because his issues on appeal do not implicate that exhibit.

Accordingly, the judgment is AFFIRMED and all outstanding motions are DENIED.