IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-30277
Summary Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

GREGORY DARNELL DOTSON,

                                        Defendant-Appellant.

_____

CONSOLIDATED WITH
No. 00-30360

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JEFFERY BERNARD MCDANIEL,

                                        Defendant-Appellant.
--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 99-CR-30017-8
--------------------
November 9, 2000

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Gregory Darnell Dotson and Jeffery Bernard McDaniel appeal from the sentences imposed after they pleaded guilty to possession of cocaine base with intent to distribute.[1]

Dotson argues that the district court erred in determining that a stop of his vehicle was justified by a violation of the traffic laws. Having reviewed the record, we conclude that Dotson has shown no reversible error in the district court's decision to credit a state trooper's testimony over that of his brother's. See United States v. Castro, 166 F.3d 728, 733 (5th Cir.) (en banc), cert. denied, 120 S. Ct. 78 (1999).

Dotson argues that even if the traffic stop was valid, the district court erred in upholding a trooper's patdown search of his person. Because a reasonably prudent officer would--under the totality of circumstances--have been concerned for his safety or the safety of others, the patdown search was justified. See United States v. Michelletti, 13 F.3d 838, 840-41 (5th Cir. 1994) (en banc).

Dotson's final argument is that the evidence obtained from a search of an abandoned bag must be suppressed because it was the product of an unlawful stop or an illegal patdown. As we have rejected Dotson's arguments about the stop and the patdown, we find this argument to be meritless as well.

McDaniel contends that, at sentencing, he sufficiently objected to the presentence report's failure to award him a

---

[1] Acting sua sponte, we concur with the district court in determining that a letter written by McDaniel to the district court could serve as an effective notice of appeal. See Cobb v. Lewis, 488 F.2d 41, 45 (5th Cir. 1974).

downward adjustment pursuant to U.S.S.G. § 3B1.2. Having reviewed the transcript, however, we conclude that McDaniel made no such objection. See United States v. Bullard, 13 F.3d 154, 157-58 (5th Cir. 1994). In addition, we perceive no plain error that occurred regarding § 3B1.2. See United States v. Fierro, 38 F.3d 761, 774 (5th Cir. 1994); United States v. Lujan-Sauceda, 187 F.3d 451, 452 (5th Cir. 1999).

McDaniel argues, in the alternative, that if sentencing counsel did not sufficiently raise the § 3B1.2 issue, he provided ineffective assistance of counsel. We decline to reach this argument on direct appeal. See United States v. Kizzee, 150 F.3d 497, 503 (5th Cir. 1998).

AFFIRMED.