IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-60950
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID SPICER,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:00-CR-141-ALL-LS
--------------------
October 1, 2002

Before JOLLY, HIGGINBOTHAM and PARKER, Circuit Judges.

PER CURIAM:[*]

David Spicer appeals his convictions for armed bank robbery, using a firearm during a crime of violence, and being a felon in possession of a firearm. Spicer first asserts that the district court erred in failing to ensure that he knowingly and voluntarily waived his right to counsel. The district court's colloquy with Spicer at his competency hearing indicates that Spicer's waiver of counsel was knowing and voluntary. See In re

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Hipp, Inc., 5 F.3d 109, 115 (5th Cir. 1993).  Because the record is not sufficiently developed on the issue whether Spicer received ineffective assistance of counsel, we decline to consider Spicer's argument that his waiver was involuntary because the district court failed to inquire whether he was exercising a choice between self-representation and ineffective assistance, without prejudice to Spicer's right to raise that issue in a 28 U.S.C. § 2255 motion.  See United States v. Kizzee, 150 F.3d 497, 502-03 (5th Cir. 1998).

Spicer further asserts that the district court erred in failing to appoint an expert to assist him in his insanity defense, pursuant to 18 U.S.C. § 3006(A).  Spicer acknowledges that because he did not request such an appointment in the district court, this issue is subject to plain-error review.  See United States v. McIntosh, 280 F.3d 479, 482 (5th Cir. 2002).  As Spicer acknowledges in this appeal, his insanity defense was based on Dr. Womack's conclusion that he suffered from post-traumatic stress disorder.  However, this evidence that Spicer suffered from mental problems generally was insufficient to give the district court reasonable ground to doubt his sanity at the time of the offenses.  See Williams v. Collins, 989 F.2d 841, 845 (5th Cir. 1993).  After diagnosing Spicer with post-traumatic stress disorder, Dr. Womack went on to conclude that "[a]t the time of the alleged offenses, [Spicer] did not suffer from a mental disease or defect which would render him unable to

appreciate the nature, quality, or wrongfulness of his behavior."
See United States v. Abou-Kassem, 78 F.3d 161, 165-66 (5th Cir. 1996) (stating that "[a] person is legally insane if as a result of a severe mental disease or defect, he was unable to appreciate the nature and quality or the wrongfulness of his acts") (internal brackets, quotation marks, and citation omitted). The district court thus did not err, plainly or otherwise, in failing to appoint Spicer an independent psychiatric expert pursuant to § 3006A. See McIntosh, 280 F.3d at 482.

Spicer also contends that he was denied a fair trial because the prosecutor elicited improper testimony regarding Dr. Womack's opinion on the ultimate issue of his sanity and, during closing argument, urged the jury to convict Spicer based on Dr. Womack's opinion. Spicer acknowledges that he failed to object on this ground at trial and, thus, that the standard of review is plain error. See id. Even assuming that the district court clearly or obviously erred in allowing testimony and argument regarding Dr. Womack's conclusion that Spicer did not have a mental illness that prevented him from appreciating the wrongfulness of his actions, there was no plain error. See id. The record shows that Spicer himself admitted in evidence Dr. Womack's second report, which set forth his conclusion that Spicer did not suffer from a mental disease or defect at the time of the alleged offenses that rendered him unable to appreciate the wrongfulness of his behavior. Thus, Spicer's substantial rights were not

affected by the district court's failure to prevent the prosecutor from presenting the same evidence and discussing it during summation. See id.

Spicer also argues that he was denied a fair trial because the prosecutor engaged in an impermissible argument during summation that Spicer should be convicted based on his propensity to commit crime as evidenced by his prior robbery convictions. Contrary to Spicer's assertions, the record does not reflect that the prosecutor suggested that Spicer should be convicted because his prior offenses showed his propensity to commit the charged crimes. However, even assuming that the prosecutor's remarks were improper, they did not prejudice Spicer's substantive rights. See United States v. Munoz, 150 F.3d 401, 414-15 (5th Cir. 1998). The challenged remarks did not cast serious doubt on the correctness of the jury's verdict, as Spicer stipulated to the indictment's allegations that he committed four prior armed robbery offenses, the jury received cautioning instructions, and Spicer admitted his guilt to the charged offenses and presented only weak evidence of insanity. See id. at 415; United States v. Iredia, 866 F.2d 114, 117 (5th Cir. 1989).

Finally, Spicer contends that his indictment was defective under Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), because it failed to charge his prior felonies, the type of firearm used, and how it was used or brandished. Spicer acknowledges, however, that the prevailing weight of authority fails to support his

argument, and he states that he is raising the issue to preserve it in the event of a change in the law.  Given the statutory career-offender enhancement based on Spicer's prior convictions, Spicer's sentences did not exceed the applicable statutory maximums.  <u>See</u> 18 U.S.C. §§ 924(a)(2) & (c)(1)(A), 2113(a) & (d), 3559(a)(3) & (c)(1)(A), 3583(b)(2).  Spicer is thus not entitled to any relief under <u>Apprendi</u>, 530 U.S. at 490.  The judgment of the district court is AFFIRMED.