United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 10, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-50362
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARNALDO RAFAEL VICENTE INFANTE-CABRERA,
also known as Juan Santos,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-01-CR-1150-1-DB
--------------------

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Arnaldo Rafael Vicente Infante-Cabrera appeals his guilty

plea conviction for conspiracy to import more than 5 kilograms of

cocaine in violation of 21 U.S.C. §§ 963, 952(a), 960(a)(1) and

(b)(1)(B). Infante-Cabrera argues that the district court did

not adequately comply with FED. R. CRIM. P. 11 at his guilty-plea

hearing. He argues that the individual variances from the rule,

as well as the cumulative effect of the individual variances,

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

were clear or obvious errors that affected his substantial rights.

After reviewing the entire record, United States v. Vonn, 535 U.S. 55, 122 S. Ct. 1043, 1046 (2002), we have determined that none of the Rule 11 errors alleged by Infante-Cabrera affected Infante-Cabrera's substantial rights or affected the fairness, integrity, or public reputation of the judicial proceedings in this case. See United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc), abrogated in part, Johnson v. United States, 520 U.S. 461 (1997). Infante-Cabrera's "cumulative effect" argument is also without merit. We conclude from the record that it is not likely that, had the district court conducted an ideal Rule 11 plea colloquy, Infante-Cabrera's willingness to plead guilty would have been affected. See United States v. Reyes, 300 F.3d 555, 559 (5th Cir. 2002).

Infante-Cabrera also argues that he received ineffective assistance of counsel at rearraignment and at sentencing. A claim of ineffective assistance of counsel cannot be resolved on direct appeal when the claim has not first been raised in the district court. United States v. Bounds, 943 F.2d 541, 544 (5th Cir. 1991). Because the district court did not make any factual findings regarding the allegations of ineffective assistance, an analysis of these claims would require speculation by this court as to the reasons for counsel's alleged acts and omissions. See United States v. Kizzee, 150 F.3d 497, 503

(5th Cir. 1998).  We therefore decline to reach the merits of Infante-Cabrera's ineffective assistance of counsel claim without prejudice to his right to present this matter to the district court via a motion under 28 U.S.C. § 2255.  See United States v. Route, 104 F.3d 59, 64-65 (5th Cir. 1997).

AFFIRMED.