United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 10, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-50130
Conference Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

RICARDO CAMACHO-LLANES,
also known as Ricardo Camacho,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-02-CR-1236-1-PRM
--------------------

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Ricardo Camacho-Llanes appeals his sentence imposed

following his guilty plea conviction to conspiracy to possess

with intent to distribute marijuana.  Camacho-Llanes was

sentenced to a term of imprisonment of 71 months, to be followed

by a five-year term of supervised release.

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Camacho-Llanes argues that his counsel was ineffective in failing to object to the district court's failure to adjust his offense level for his minor role in the offense.

In general, a claim of ineffective assistance of counsel cannot be resolved on direct appeal unless it has first been raised in the district court. United States v. Bounds, 943 F.2d 541, 544 (5th Cir. 1991). Because the claims were not raised in the district court and the district court did not make any factual findings regarding Camacho-Llanes' allegations of ineffective assistance, an analysis of these claims would require speculation by this court as to the reasons for counsel's alleged acts and omissions. See United States v. Kizzee, 150 F.3d 497, 503 (5th Cir. 1998). The court declines to review Camacho-Llanes' ineffective assistance claims without prejudice to his right to raise those claims in a proceeding under 28 U.S.C. § 2255. See United States v. Route, 104 F.3d 59, 64-65 (5th Cir. 1997).

To the extent that the Government is arguing that Camacho waived his right to raise an ineffective assistance claim in a 28 U.S.C. § 2255 motion unless the claim involves the voluntariness of his plea, we need not consider that issue here.

AFFIRMED.