**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**February 23, 2004**

**Charles R. Fulbruge III**
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-50434
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM EDMOND GOSSETT,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. MO-02-CR-95-ALL

Before JONES, BENAVIDES and CLEMENT, Circuit Judges.

PER CURIAM:[*]

William Edmond Gossett appeals from the sentence imposed following his guilty-plea conviction for possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Gossett's motion for leave to file an out-of-time reply brief is **GRANTED**.

Gossett argues that the Government breached the plea agreement by failing to argue for a sentence within the guidelines,

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

by failing to argue against the district court's upward departure, and by failing to argue in favor of the maximum adjustment for acceptance of responsibility. Despite Gossett's argument, the terms of the plea agreement did not require the Government to argue for a sentence within the guidelines, argue against the district court's upward departure, or argue in favor of the maximum acceptance of responsibility adjustment. Moreover, the record indicates that the Government complied with its plea agreement obligations.

Gossett argues that the Government breached the plea agreement by misstating to the sentencing court the authorized length of supervised release and by failing to file a FED. R. CRIM. P. 35 motion. These arguments need not be considered because they are raised for the first time in Gossett's reply brief. See Cinel v. Connick, 15 F.3d 1338, 1345 (5th Cir. 1994).

Gossett argues that the district court did not follow the proper procedure when it determined his sentence, and he challenges the basis of the district court's sentencing determination. In Gossett's plea agreement he waived, inter alia, the right to appeal his conviction and sentence, except in the event of ineffective assistance of counsel and certain instances of prosecutorial misconduct. A defendant may waive his right to appeal as part of a valid plea agreement if the waiver is knowing and voluntary. United States v. Robinson, 187 F.3d 516, 517 (5th Cir. 1999). The district court ascertained that Gossett understood that he was

waiving appeal rights.  See Fed. R. Crim. P. 11(b)(1)(N).  Thus, the appeal waiver is valid and enforceable and precludes Gossett's sentencing challenge.  As to these issues, the appeal is **DISMISSED**.  See United States v. Melancon, 972 F.2d 566, 568 (5th Cir. 1992).

Gossett argues that his counsel's performance at sentencing was constitutionally ineffective and that he did not waive an appeal to the extent his challenge is based on ineffective assistance of counsel.  Gossett's claims of ineffective assistance of counsel were not raised in the district court.  Thus, the district court did not make factual findings regarding Gossett's allegations, and an analysis of these claims would require speculation regarding the reasons for counsel's alleged acts and omissions.  See United States v. Kizzee, 150 F.3d 497, 503 (5th Cir. 1998).  We will therefore adhere to our general rule and decline to consider Gossett's claim of ineffective assistance of counsel on direct appeal.  See United States v. Bounds, 943 F.2d 541, 544 (5th Cir. 1991).

**MOTION GRANTED; DISMISSED IN PART; AFFIRMED IN PART.**