# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 5, 2009

Charles R. Fulbruge III
Clerk

No. 07-41243
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ADOLFO LARA

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:06-CR-968-7

Before JOLLY, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Adolfo Lara appeals his guilty plea conviction for conspiracy to possess with intent to distribute more than 100 kilograms of marijuana. Because Lara had a prior felony drug conviction, he faced a statutory minimum sentence of 10 years of imprisonment, and the district court sentenced Lara to the statutory minimum sentence.

For the first time on appeal, Lara argues that his guilty plea was not knowing and voluntary because of errors made by the magistrate judge at

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

rearraignment. Specifically, he asserts that the magistrate judge violated FED. R. CRIM. P. 11 by twice advising him incorrectly that he faced a statutory minimum sentence of five years of imprisonment and by giving confusing and incorrect admonishments regarding the ways that he could receive a sentence below the statutory minimum sentence. He contends that the magistrate judge also improperly stated that the district court was constrained only by the statutory maximum sentence if it departed from the guidelines sentence range.

Because Lara did not raise a FED. R. CRIM. P. 11 objection in the district court, our review is for plain error. *See United States v. Vonn*, 535 U.S. 55, 59 (2002). To show plain error, Lara must show an error that is clear or obvious and that affects his substantial rights. *See United States v. Baker*, 538 F.3d 324, 332 (5th Cir. 2008), *cert. denied*, 2009 WL 56591 (Jan. 12, 2009) (No. 08-7559). If he makes such a showing, we have the discretion to correct the error but will do so only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.* In order to show that error at rearraignment affects his substantial rights, Lara "must show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004). We "may consult the whole record when considering the effect of any error on substantial rights." *Vonn*, 535 U.S. at 59.

At rearraignment, the magistrate judge erred by twice advising Lara that he faced a statutory minimum sentence of five years and by advising Lara that the district court was constrained only by the statutory maximum sentence if it departed from the guidelines sentence range. The magistrate judge, however, corrected her error regarding the statutory minimum sentence, and she twice advised Lara that he faced a statutory minimum sentence of 10 years. Furthermore, the plea agreement that Lara signed correctly stated the statutory minimum sentence. In view of the entire record, Lara has not shown that, but

2

for the errors at rearraignment, he would not have entered a guilty plea, and, therefore, has not shown plain error. *See Dominguez Benitez*, 542 U.S. at 82-83.

Lara argues that he received ineffective assistance of counsel in the district court. Lara complained about his counsel's performance to the district court, and his counsel responded to the complaints. Lara's ineffective assistance of counsel claims, however, concern matters outside of the record. Furthermore, the district court did not hear sworn testimony from Lara or his counsel, and it did not make any factual findings regarding the ineffective assistance of counsel claims. Accordingly, the record is not sufficiently developed for us to consider Lara's ineffective assistance of counsel claims, and the claims are denied without prejudice to Lara's right to raise them in a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. *See United States v. Kizzee*, 150 F.3d 497, 502-03 (5th Cir. 1998); *United States v. Brewster*, 137 F.3d 853, 859 (5th Cir. 1998).

AFFIRMED.