**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 14, 2009

Charles R. Fulbruge III
Clerk

No. 08-51144
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CELERINO CASTILLO, III,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:08-CR-193-ALL

Before REAVLEY, JOLLY, and OWEN, Circuit Judges.

PER CURIAM:[*]

Celerino Castillo, III, appeals his guilty plea conviction and sentence for conspiracy to engage in the business of dealing in firearms without a license and engaging in the business of dealing in firearms without a license in violation of 18 U.S.C. §§ 371 and 922(a)(1)(A). He contends that he was denied effective assistance of counsel because his attorney was operating under an actual conflict of interest. The record is not sufficiently developed to permit direct review of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Castillo's ineffective assistance of counsel claim. *See United States v. Kizzee*, 150 F.3d 497, 502-03 (5th Cir. 1998). Therefore, this court declines to consider this claim without prejudice to Castillo's right to raise it in a 28 U.S.C. § 2255 motion. *See id.* at 503.

Castillo also contends that the district court erred when it increased his offense level for trafficking in firearms pursuant to U.S.S.G. § 2K2.1(b)(5). As the Government contends, the record reflects that Castillo knowingly and voluntarily waived his right to appeal his sentence on any ground. *See United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005). Therefore, his challenge to the district court's application of § 2K2.1(b)(5) is barred by the appellate-waiver provision in his plea agreement. *See id.* at 746-47.

Accordingly, the district court's judgment is AFFIRMED.