# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 14, 2012

Lyle W. Cayce
Clerk

No. 11-40096
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOEL LINARES-SOBERANIS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:10-CR-331-1

Before DAVIS, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:*

Joel Linares-Soberanis (Linares) appeals his jury trial conviction and sentence for conspiracy to possess one kilogram or more of heroin with intent to distribute and conspiracy to import into the United States one kilogram or more of heroin and his guilty plea conviction and sentence for possession of a firearm by an alien in the United States on a non-immigrant visa. For the first time on appeal, Linares argues that the Government committed prosecutorial misconduct amounting to plain error by impermissibly bolstering witness

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

testimony during its examination of witnesses and jury argument. He maintains that counsel for the Government improperly imputed the existence of a drug conspiracy during the questioning of witnesses when the existence of a conspiracy was an issue for the jury to determine. He asserts that counsel for the Government improperly bolstered the credibility of witnesses by personally vouching that witnesses would testify truthfully during opening arguments, by asking a witness why he truthfully spoke to law enforcement officers and why he testified truthfully, and by introducing evidence that prosecutors and law enforcement officers stressed to witnesses that they must testify truthfully. Linares maintains that the bolstering was improper because it implied that the Government had superior knowledge regarding whether witnesses were testifying truthfully. He contends that the prosecutorial misconduct affected his substantial rights and adversely affected the fairness, integrity, and public reputation of judicial proceedings.

Because Linares did not raise an objection in the district court, we review for plain error only. *United States v. Gracia*, 522 F.3d 597, 599-600 (5th Cir. 2008). To show plain error, Linares must show an error that is clear or obvious and that affects his substantial rights. *See id*. at 600. If he makes such a showing, we have the discretion to correct the error but will do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

While questioning Government witnesses, the prosecutors imputed the existence of a drug conspiracy. All of the questions imputing a drug conspiracy, however, were asked after the Government had presented testimony and other evidence that there was a drug conspiracy. Thus, the questions were based upon the prosecutors' fair appraisal of the testimony already given and were not impermissible imputations that Linares was guilty based upon extrinsic evidence not presented at trial. *Cf. United States v. Tomblin*, 46 F.3d 1369, 1389

(5th Cir. 1995) (holding that a prosecutor may give "a fair appraisal" of evidence presented at trial during closing arguments).

Linares's challenge to the statements made by a prosecutor during opening arguments is not supported by the record. While Linares asserts that a prosecutor declared that two cooperating co-conspirators would testify truthfully during opening arguments, the record shows that the prosecutor stated that the co-conspirators had entered into plea agreements requiring them to provide truthful testimony and that the Government would recommend sentence reductions for them after they testified truthfully. As the evidence presented at trial showed that these were the terms of the plea agreements, the statements made by the prosecutor during opening arguments were permissible. *See United States v. Casel*, 995 F.2d 1299, 1309 (5th Cir.1993), *vacated on other grounds as to one defendant sub nom. Reed v. United States*, 510 U.S. 1188 (1994).

The record shows that a prosecutor elicited testimony that she had emphasized to a co-conspirator that he should tell the truth and testimony from the co-conspirator that he had told the truth. A prosecutor asked one of the co-conspirators if he was concerned about how Linares and his brothers would react if they knew he had told the truth to law enforcement officers. Prosecutors also elicited testimony that the plea agreements of the co-conspirators required them to testify truthfully and that law enforcement officers had stressed to them that they should tell the truth. While eliciting this type of testimony may sometimes be inappropriate, it was not improper in the present case because Linares's defense strategy involved challenging the credibility of the co-conspirators who testified against him. *See United States v. Aguilar*, 645 F.3d 319, 323 (5th Cir. 2011); *United States v. Setser*, 568 F.3d 482, 494 (5th Cir. 2009). Linares has not shown that counsel for the Government committed prosecutorial misconduct, whether constituting plain error or otherwise, by asking improper questions or making improper arguments.

Linares argues that his counsel provided ineffective assistance at trial. Linares, however, did not raise his ineffective assistance of counsel claims in the district court, and the district court did not hear any evidence regarding the trial strategy of Linares's counsel or any other matter related to Linares's ineffective assistance of counsel claims. Accordingly, the record is not sufficiently developed for us to consider Linares's ineffective assistance of counsel claims, and the claims are denied without prejudice to Linares's right to raise them in a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. *See United States v. Cantwell*, 470 F.3d 1087, 1091 (5th Cir. 2006); *United States v. Kizzee*, 150 F.3d 497, 502-03 (5th Cir. 1998).

AFFIRMED.