**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 13, 2012

Lyle W. Cayce
Clerk

No. 11-20293
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALEJANDRO MOLINA PAVON, also known as Alejandro P. Molina, also known as Alejandro Pavon Molina, also known as Alejandro Molina-Pavon, also known as Hipolito Alexander Pavon-Molina, also known as Hipolito Alexander Pavon Molina, also known as Alexander Hipolito, also known as Alejandro Hernandez Pavon,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CR-717-1

Before BENAVIDES, STEWART, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Alejandro Molina Pavon challenges his guilty plea conviction and sentence for illegal presence in the United States under 8 U.S.C. § 1326(b)(2). The Government alleged in the factual basis for his plea that Pavon was previously removed following a 1999 Texas conviction for delivery of less than one gram of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

cocaine by actual transfer. Pavon admitted the fact of the 1999 conviction during the plea hearing.

First, Pavon contends that he received ineffective assistance of counsel from the attorney who represented him in the district court. This court rarely reviews such claims raised for the first time on direct appeal, and we decline to do so here. *See United States v. Kizzee*, 150 F.3d 497, 502 (5th Cir. 1998).

Second, Pavon contends for the first time on appeal that the district court erred by accepting his guilty plea under § 1326(b)(2) and by imposing a sentence greater than two years, repeating an ineffectiveness claim that he had no prior conviction for an aggravated felony. Pavon contends that his 1999 cocaine offense was not an aggravated felony because Texas does not classify it as such and because his offense was treated as a Class A misdemeanor as part of a plea agreement in the case. However, the Texas offense of delivery of cocaine by actual transfer, in any amount, is an aggravated felony for purposes of § 1326(b)(2). *See* 8 U.S.C. § 1101(a)(43)(B) (defining "aggravated felony" to include "a drug trafficking crime" as defined in 18 U.S.C. § 924(c)); § 924(c)(2) (defining "drug trafficking crime" as "any felony punishable under the Controlled Substances Act"); 21 U.S.C. §§ 802(8) & (11), 841(a)(1) (criminalizing delivery of a controlled substance under the Controlled Substances Act (CSA)); 21 U.S.C. § 812(c) (identifying cocaine as a Schedule II narcotic); § 841(b)(1)(C) (providing punishment of up to 20 years for distribution of cocaine in any amount). Federal law controls whether an offense is punishable as a felony under the CSA. *Lopez v. Gonzales*, 549 U.S. 47, 55 (2006). Pavon admitted the fact of the 1999 Texas conviction during his rearraignment. We find no error, plain or otherwise.

Third, Pavon asserts for the first time on appeal that the district court erred in relying on the PSR during sentencing. He asserts that the PSR was insufficient "to base a sentence on unless the defendant specifically stipulated to each and every alleged fact in the reports." Pavon was not required to admit the sentencing facts; the district court was entitled to find them by a

preponderance of the evidence.  *See United States v. Johnson*, 648 F.3d 273, 277 (5th Cir. 2011) (noting that due process requires only that sentencing facts be established by a preponderance of the evidence); *United States v. Hernandez*, 633 F.3d 370, 374 (5th Cir.) (holding that a sentence within the statutory maximum based upon judge-found facts by a preponderance of the evidence does not violate the Sixth Amendment), *cert. denied*, 131 S. Ct. 3006 (2011).  The court was entitled to adopt the findings in the PSR unless Pavon showed them to be materially unreliable.  *See United States v. Ford*, 558 F.3d 371, 377 (5th Cir. 2009); *United States v. Cooper*, 274 F.3d 230, 239 (5th Cir. 2001) (holding that a district court is entitled to rely on the presentence report and to adopt its facts "without further inquiry" if they had "an adequate evidentiary basis" and the defendant did "not present rebuttal evidence").  The existing sentencing record shows no rebuttal of the evidence in the PSR or that it was materially unreliable.  We find no error, plain or otherwise.

AFFIRMED.