# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50526
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 11, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

BORUCH YECHIEL RAPOPORT, also known as Barry, also known as
Boruch Yesiel Rapoport,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:14-CR-1741-1

Before BARKSDALE, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Pursuant to a written plea agreement, Boruch Yechiel Rapoport pleaded guilty to conspiracy to possess marijuana with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 846. In that agreement, Rapoport waived the right to appeal his sentence, with some exceptions, including if his

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

constitutional rights were violated by, *inter alia*, ineffective assistance of counsel.

Rapoport was sentenced to a within-advisory-Guidelines term of 16 months' imprisonment.  On appeal, Rapoport acknowledges the appeal waiver but maintains the issues presented fall within the ineffective-assistance exception.  In that regard, he contends his trial counsel provided ineffective assistance at sentencing by failing to object to:  his not receiving a minor-role adjustment, pursuant to Guideline § 3B1.2; and, the procedural and substantive unreasonableness of his sentence.

Generally, "claims of ineffective assistance of counsel should not be litigated on direct appeal, unless they were previously presented to the trial court".  *United States v. Isgar*, 739 F.3d 829, 841 (5th Cir.), *cert. denied*, 135 S. Ct. 123 (2014).  For ineffective-assistance claims not presented in district court, "[i]t is only in rare cases in which the record allows a reviewing court to fairly evaluate the merits of the claim that we will consider such a claim".  *Id.* (internal quotation marks omitted); *see also United States v. Kizzee*, 150 F.3d 497, 502–03 (5th Cir. 1998) (record insufficient for review where district court did not hear testimony or make factual findings as to ineffective-assistance claims).

Although Rapoport's ineffective-assistance-of-counsel claims fall within an exception to his appeal waiver, the record is not sufficiently developed to afford them fair consideration due to his failure to raise them in district court. *See Isgar*, 739 F.3d at 841.  Accordingly, we decline to consider his claims on direct appeal; Rapoport may raise them on collateral review under 28 U.S.C. § 2255.  *See Massaro v. United States*, 538 U.S. 500, 508–09 (2003).

AFFIRMED.