# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-41480
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 20, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LUIS ALFREDO LINARES-PIMENTEL,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:16-CR-269-1

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Defendant-Appellant Luis Alfredo Linares-Pimentel appeals his
sentence which was imposed after he pleaded guilty to one count of illegal
entry. He contends that counsel who represented him at sentencing was
ineffective for failing to advise him that, if he deferred his sentencing hearing
until November 1, 2016 or later, his guidelines range would be calculated
under the 2016 version of the Guidelines. That, in turn, would result in his

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 16-41480

being assessed an eight-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(2)(B) (2016) instead of a 16-level enhancement pursuant to § 2L1.2(b)(1)(A)(ii) (2015). The result would be a lower guidelines range.

We do not generally review claims of ineffective assistance of counsel on direct appeal. *United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014). Such a claim typically warrants review on direct appeal only when it was raised and developed in a post-trial motion to the district court. *United States v. Stevens*, 487 F.3d 232, 245 (5th Cir. 2007). Linares-Pimentel did not raise his claim in the district court. He also recognizes that it "does not appear" from the present record that trial counsel advised him of any benefit that would result from a deferral of his sentencing hearing, a far cry from a record that conclusively establishes that the advice was not given. If we were to analyze Linares-Pimentel's claims on the present record, we would have to speculate about the reasons for his counsel's alleged acts and omissions. *See United States v. Thomas*, 12 F.3d 1350, 1368 (5th Cir. 1994); *United States v. Kizzee*, 150 F.3d 497, 503 (5th Cir. 1998).

We are not persuaded that the record is sufficiently developed to allow for the fair consideration of Linares-Pimentel's claims. We therefore decline to consider it now, without prejudice to his right to raise it on collateral review. *See Isgar*, 739 F.3d at 841. The judgment of the district court is AFFIRMED.