United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 17, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-40045
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANGELA GONZALEZ-CAPETILLO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-02-CR-925-1
--------------------

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Angela Gonzalez-Capetillo appeals her jury conviction and

sentence for conspiracy to possess more than five kilograms of

cocaine with intent to distribute and possession of more than

five kilograms of cocaine with intent to distribute.  She argues

that her defense counsel had an actual conflict of interest

because he previously represented Amada Quintanilla Moralez, one

of the unindicted coconspirators in this case.  Claims of

ineffective assistance of counsel cannot generally be resolved on

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

direct appeal unless they have first been raised in the district court. United States v. Gibson, 55 F.3d 173, 179 (5th Cir. 1995). Because the issue whether defense counsel had an actual conflict of interest was not raised in the district court, the record is not sufficiently developed and this court cannot fairly evaluate the merits of the ineffectiveness claim at this time. See United States v. Kizzee, 150 F.3d 497, 503 (5th Cir. 1998).

Gonzalez-Capetillo argues that the Government was required to, but did not, prove that she knew of the drug type and quantity involved in the instant offense. She concedes that the argument is foreclosed by United States v. Gamez-Gonzalez, 319 F.3d 695, 700 (5th Cir.), cert. denied, 123 S. Ct. 2241 (2003), but states that she is raising it to preserve it for possible Supreme Court review. In Gamez-Gonzalez, this court held that the Government does not need to prove knowledge of the drug type or quantity. Id. at 699-700. One panel of this court may not overrule the decision of a prior panel in the absence of an en banc reconsideration or a superseding Supreme Court decision. United States v. Crouch, 51 F.3d 480, 483 (5th Cir. 1995).

AFFIRMED.