United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 21, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-40045
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANGELA GONZALEZ-CAPETILLO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-02-CR-925-1
--------------------

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before HIGGINBOTHAM, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

This court affirmed the judgment of conviction and sentence

of Angela Gonzalez-Capetillo. United States v. Gonzalez-

Capetillo, No. 03-40045 (5th Cir. Feb. 17, 2004). The Supreme

Court vacated and remanded for further consideration in light of

United States v. Booker, 125 S. Ct. 738 (2005). See Gonzalez-

Capetillo v. United States, 125 S. Ct. 1021 (2005). We requested

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and received supplemental letter briefs addressing the impact of Booker.

Gonzalez-Capetillo argues that she is entitled to resentencing because the district court erred under Booker by basing her sentence on the amount of cocaine found by the judge and by imposing the sentence under a mandatory application of the United States Sentencing Guidelines. This court will not consider a Booker-related challenge raised for the first time in a petition for certiorari absent extraordinary circumstances. United States v. Taylor, 409 F.3d 675, 676 (5th Cir. 2005).

Gonzalez-Capetillo concedes that she cannot make the necessary showing of plain error that is required by our precedent in United States v. Mares, 402 F.3d 511, 520 n.9 (5th Cir 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517). Moreover, this court has rejected her argument that a Booker error is a structural error or that such error is presumed to be prejudicial. See Mares, 402 F.3d at 520-22; see also United States v. Malveaux, 411 F.3d 558, 560 n.9 (5th Cir. 2005), petition for cert. filed (July 11, 2005) (No. 05-5297). Because she has not demonstrated plain error, "it is obvious that the much more demanding standard for extraordinary circumstances warranting review of an issue raised for the first time in a petition for certiorari, cannot be satisfied." Taylor, 409 F.3d at 677.

Because nothing in the Supreme Court's Booker decision requires us to change our prior affirmance in this case, we

reinstate our judgment affirming Gonzalez-Capetillo's conviction and sentence.

AFFIRMED.