# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 18, 2011

No. 10-50390
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

HECTOR RAUL MEDINA-MARQUEZ,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:09-CR-415-1

Before SMITH, BARKSDALE, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Hector Raul Medina-Marquez appeals his guilty-plea conviction and 60-month sentence for illegal reentry after deportation, in violation of 8 U.S.C. § 1326. Medina contends his counsel was ineffective by failing: to admonish him that his guilty plea would result in deportation; and to object to the 16-level, crime-of-violence enhancement. He also contends the district court violated his due-process rights by incorrectly applying the advisory Sentencing Guidelines.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-50390

Ineffective-assistance-of-counsel claims "cannot be litigated on direct appeal, unless they were adequately raised in the district court". *United States v. Rivas*, 157 F.3d 364, 369 (5th Cir. 1998) (citation and internal quotation marks omitted). "If the claim is raised for the first time on appeal, the court will reach the merits of the claim only in rare cases where the record [allows the court] to evaluate fairly the merits of the claim." *Id.* (citation and internal quotation marks omitted).

In a motion to withdraw as counsel on appeal, Medina's counsel stated generally that Medina had requested such new counsel because his attorney was ineffective. Medina's ineffective-assistance-of-counsel claim, however, was not adequately raised in district court, and the record was not sufficiently developed to evaluate fairly the merits of the claim. *See United States v. Bounds*, 943 F.2d 541, 544 (5th Cir. 1991).

Regarding Medina's due-process contention, the Government asserts that this claim is barred by the plea agreement in which Medina waived the right to appeal his sentence. The validity of an appeal waiver is reviewed *de novo*. *United States v. Baymon*, 312 F.3d 725, 727 (5th Cir. 2002). An appeal-waiver provision in a plea agreement is valid if: the waiver was knowing and voluntary; and it applies to the circumstances at hand. *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005). To be knowing and voluntary, Medina must know he had the right to appeal and that he was giving up that right. *United States v. Portillo*, 18 F.3d 290, 292 (5th Cir. 1994).

Medina entered into a plea agreement which stated that he had a right to appeal and that he was giving up that right subject to certain exceptions. At rearraignment, he testified that he reviewed the plea agreement, signed it, and that he was pleading guilty freely and voluntarily. Moreover, Medina stated that he understood that, as part of the plea agreement, he waived his right to appeal or to collaterally attack the conviction and sentence. Accordingly, because the waiver was knowing, voluntary, and applies to the circumstances at

2

hand, his due-process-violation assertion is barred by the appeal-waiver provision in his plea agreement. *See id.* at 292-93; FED. R. CRIM. P. 11(b)(1)(N).

AFFIRMED.